In the Matter of the Estate of HARRY T. PETERS, Deceased.

Surrogate's Court, Suffolk County, March 22, 1949.

**334**

[redacted]

*Milbank, Tweed, Hope & Hadley* for Natalie W. Peters, petitioner.

*John W. Collopy, Jr.,* for Natalie P. Webster and others, as executors and trustees under the will of Harry T. Peters, deceased.

HAWKINS, S. In this proceeding, Natalie W. Peters, widow of Harry T. Peters, the above-named decedent, seeks a determination of the validity and effect of the election she made under section 18 of the Decedent Estate Law. Harry T. Peters died June 1, 1948, leaving a last will and testament dated June 26, 1945, which was admitted to probate in this court on June 9, 1948. The testator was survived by his widow (the petitioner) and by two adult children. The widow and the two children and one Henry C. Filter were named executors. They each qualified and letters testamentary were issued to them on the probate of the will. The same persons were named trustees in the will. The widow not having qualified, letters of trusteeship were issued to the remaining three persons. The widow served and filed a notice of election pursuant to section 18 of the Decedent Estate Law. Her right to elect under section 18 is challenged by the remaining three executors and by the trustees who qualified. There is no dispute as to the form or timeliness of the service and filing of the notice of election.

Article " Second " of the will of the decedent disposes of all his personal and household effects and all his other tangible personal property as follows:

" Second:—I give and bequeath all of my personal and household effects and all my other tangible personal property wheresoever that same may be located or to which I may be entitled at the time of my decease in equal shares to my son, Harry T. Peters, Jr., and my daughter, Natalie P. Webster, either to be

retained or disposed of by them as they may each see fit, subject however to the right of my wife, Natalie W. Peters, to select from among my personal effects any articles which she may desire to keep."

The only other dispositive provision of the will appears in article "Third" wherein the decedent devises and bequeaths his residuary estate to his trustees to pay and apply the net income, quarterly, to the use of his children, Natalie P. Webster and Harry T. Peters, Jr., equally, so long as they shall live. The will then makes the following provision:

"However, during the life of my wife, Natalie W. Peters, I direct that if my wife, Natalie W. Peters, should for any reason whatsoever require additional income for her personal needs, then upon my said wife notifying my trustees hereinafter named of such requirement, my trustees are hereby directed and instructed to pay over to my said wife quarterly such amounts as are necessary up to the total annual net income from the trust herein created by me.

"The trust hereby created by me, I order and direct shall be held intact during the lives of my wife, Natalie W. Peters, of my daughter, Natalie P. Webster, and of my son, Harry T. Peters, Jr.

"In the event my daughter, Natalie P. Webster and my son, Harry T. Peters, Jr., should predecease their mother without issue them surviving and without having exercised the power of appointment hereinafter given each of them, then, I order and direct that the corpus of the trust herein created by me, shall inure for the benefit of my wife, Natalie W. Peters."

There is no other provision in the will for the benefit of the widow.

At decedent's death, his personal effects consisting of clothing, jewelry and similar items of personal use had a value of about $900 and all his other tangible personal property had a value of about $70,000. The executors estimate the net value of the residuary estate at approximately $3,500,000 before estate taxes. Thus, the residuary estate constitutes more than one third of decedent's entire estate.

One of the principal questions to be determined is whether the provisions of article "Third" of the will established a trust with income payable to the widow for life within the purview and meaning of section 18 of the Decedent Estate Law so as to bar her from the right of election to take her intestate share.

This section should be liberally construed in the interest of the surviving spouse. (*Matter of Byrnes,* 260 N. Y. 465; *Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732; *Matter of Altman,* 160 Misc. 812.)

The primary purpose of section 18 is to assure a surviving spouse of a minimum participation in the property of the decedent. Under article " Third " the widow is not given an absolute right to income from the trust. She can demand such income only if she requires " additional income for her personal needs ". Since no other income is provided for her in the will it follows that decedent expected his widow to use her own resources for her maintenance and to take income from the trust only " if * * * (she) should for any reason whatsoever require additional income for her personal needs,". She is not given the right to demand income from the trust for purposes other than " her personal needs " nor if the income from her own estate is adequate for that purpose.

The provisions of article " Third " of the will falling short of a trust for the benefit of the surviving spouse as contemplated by the minimum requirements of section 18 of the Decedent Estate Law, I hold that the petitioner is entitled to take her intestate share of the estate.

A subsidiary question involved is whether petitioner was bequeathed an absolute legacy in article " Second " of the will. The language there employed indicates that the children were to receive, in equal shares, absolutely and unconditionally, all of the decedent's household effects and all of his other tangible personal property, except his personal effects, and as to the latter, the bequest thereof to his children is limited to a selection therefrom by his widow of such articles as " she may desire to, keep ". I therefore conclude that only such articles as the petitioner will select and retain of the personal effects of the decedent to which she may not be entitled as her setoff under section 200 of the Surrogate's Court Act shall be taken into account in the computation of the intestate share of the estate to which she is entitled.

The only remaining question is whether the widow's intestate share is limited to one third of the net estate after payment of all estate taxes. The respondents contend that such limitation is imposed by paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law. In support of their argument they cite *Matter of Oakley* (175 Misc. 463); *Matter of Hubbell* (65 N. Y. S. 2d 40); *Matter of Willoughby* (45 N. Y. S. 2d 177):

*Matter of Litt* (73 N. Y. S. 2d 368), and *Matter of Lorch* (33 N. Y. S. 2d 157). Petitioner, on the other hand, argues that paragraph (a) of subdivision 1 of section 18 only fixes a ceiling on the intestate share which a surviving spouse may take against the will, and that the intestate share is to be computed before estate taxes. She relies on *Matter of Goldsmith* (177 Misc. 298, 300–301), where DELEHANTY, S., stated:

'' The major question relates to the proper base for computation of the intestate share of the widow. The words ' intestate share ' are words of art which in some circumstances denote a different money value than do the words ' share in intestacy ' which are words of general description relating to a participation in an intestate estate. In the computation of the ' intestate share,' the text of the statute (Dec. Est. Law, § 18) gives to the surviving spouse a right of election ' to take his or her share of the estate as in intestacy ' subject to limitations and conditions thereafter imposed in the statute. It is essential, therefore, that there be ascertained first what is the share in intestacy of a surviving spouse on the assumption that the deceased died intestate so far as the rights of the spouse are concerned. In this estate the opening value of the property subject to administration by the executrices was $171,577.02. There must be deducted from this sum decreases in value of assets, funeral expenses, debts and administration expenses including the expenses of the accounting. When these are deducted, there is found the net estate subject to taxes. After making these deductions (ignoring estate taxes of $9,903.51 for the time being), the net estate amounts to $104,023.13. Since deceased was survived by issue, the share in intestacy of the widow is one-third of $104,023.13, or $34,674.38.

'' Paragraph (a) of subdivision 1 of section 18 of Decedent Estate Law does not prescribe a formula for computation of the share in intestacy of a spouse. It does fix a limitation upon the amount payable under an election out of the share of a spouse computed as in intestacy. The amount so fixed as the upper limit of payment is described in the statute by the term of art — ' intestate share.' Here no limitation on the widow's share in intestacy is operative because in no circumstance can such share in intestacy exceed the limitation prescribed by the paragraph. Obviously one-half of $94,119.62, or $47,059.81, exceeds $34,674.38.''

In none of the cases cited by respondents was this precise point litigated, or fully considered. I am inclined to accept

the reasoning and holding in the *Goldsmith* case (*supra*). It is more consistent with the intent and purpose of section 18 of the Decedent Estate Law.

All of the foregoing cases were decided before the enactment of the United States Revenue Act of 1948. Subdivision (e) of section 812 of the Internal Revenue Code which has introduced a new legal concept referred to as a "marital deduction" cannot be overlooked in this connection. Its purpose is to allow a surviving spouse to take a certain portion of the estate free of Federal estate taxes. Had decedent in the case at bar died intestate, the petitioner, as his widow, would be entitled to one third of his net estate before estate taxes (Decedent Estate Law, § 83). Her share would qualify as a marital deduction and escape Federal estate taxes. Under section 124 of the Decedent Estate Law she would be liable for her proportionate share of estate taxes payable to the State only. There is no provision in our statutes which calls for a different result where the surviving spouse elects to take an intestate share against the will, except for the ceiling imposed in paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law. Inasmuch as the intestate share to which petitioner is entitled is one third said limitation does not apply.

Section 124 of the Decedent Estate Law cannot be ignored, nor should the provisions of subdivision (e) of section 812 of the Internal Revenue Code be overlooked in determining the rights of surviving spouse under section 18 of the Decedent Estate Law. These sections must be read together if they are to be properly applied. The benefits intended to be conferred on a surviving spouse by these enactments would be defeated were the court to adopt the construction contended for by respondents.

I believe that the marital deduction now allowed by subdivision (e) of section 812 of the Internal Revenue Code is substantially in the same category as the charitable deduction allowed by subdivision (d) of section 812 of the code, which immediately precedes it, and that just as a charitable bequest is free of Federal estate taxes so is a widow's intestate share except for certain limitations not applicable here.

The intestate share to which petitioner is entitled in this case is one third of the gross estate owned by decedent at the time of his death reduced by funeral and administration expenses and debts of the decedent. The intestate share, as so determined, is to be reduced by the value of decedent's personal effects petitioner may select and retain which are in excess

of her exemption under section 200 of the Surrogate's Court Act. Inasmuch as the will does not otherwise direct, all estate taxes will have to be prorated among the persons interested in the estate in accordance with the provisions of section 124 of the Decedent Estate Law. Petitioner's portion of the estate tax on her intestate share will be in the proportion that the value thereof bears to the total value of said gross estate with proper allowance for her exemption of $20,000 with respect to estate taxes payable to the State of New York and for her marital deduction with respect to estate taxes payable to the Federal Government.

The court leaves open for future consideration, if application be made therefor, the construction or interpretation of any other provisions of the will, not herein considered.

Submit decree, on notice, in accordance with this opinion.