In the Matter of the Accounting of JOSEPH A. ZOCK et al., as Temporary Administrators and Executors of RICHARD N. RYAN, Deceased.

Surrogate's Court, New York County, September 19, 1951.

*William Fitz Gibbon, Ethan Allen* and *Henry L. Ughetta II,* for temporary administrators and executors, petitioners.

*Lee McCanliss* and *Erhan Hitchcock* for Hope B. Ryan, respondent.

*Anthony N. Zock* for Joseph A. Zock, individually, respondent.

*Milton Loewe* for Mario Schiavi, respondent.

*Edward Edelman,* special guardian for Hope Ryan and others, infants, respondents.

COLLINS, S. In this accounting proceeding certain instructions are sought. The issues raised by objections filed to the account also require determination.

The testator bequeathed all his tangible personal property to his issue. He gave pecuniary legacies to various individuals and devised and bequeathed his residuary estate in trust with one-

third of the income payable to his wife for life and the remaining two-thirds of the income payable to his surviving issue. Upon the death of his wife he directed the division of the principal of the trust among his children then surviving and the issue of any predeceased child, with provisions over in certain contingencies. He was survived by his wife and three children.

The widow contends that she is entitled, under a notice of election duly served and filed pursuant to section 18 of the Decedent Estate Law, to take her share of the estate outright as in intestacy. The basis of her contention is that there is a failure to meet the requirements of section 18 because (1) under paragraph Fifth of the will the executors and trustees are authorized to invade the principal of the trust for persons other than herself and (2) under paragraph Sixth they are permitted to hold the principal in cash and to invest the income in nonincome-producing property. These contentions are overruled. It is apparent that the invasion of corpus authorized under paragraph Fifth applies only to such part of the principal of the estate or of the trust which shall " vest in absolute ownership in a minor " and over which the executors and trustees are given a power in trust. Invasion is clearly not authorized as to the trust estate under paragraph Fourth of which the infants are income beneficiaries during the lifetime of the widow.

Nor do the powers granted to the executors and trustees under paragraph Sixth of the will to hold a part or all of the estate or the trust estate in cash from time to time or to purchase and hold for periods from time to time nonincome-producing securities give the widow an absolute right of election to take her intestate share. These provisions are clearly within the scope of paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law. The court holds nevertheless that the executors and trustees are required to apply the rule of prudence and diligence in their conduct and to render the assets productive for the benefit of the beneficiaries (*Matter of Hubbell,* 302 N. Y. 246).

However, it does appear that the aggregate of the provisions of the will for the benefit of the widow is less than her intestate share. She is entitled therefore under her election to take outright the difference between one third of the capital value of the trust for her benefit and the value of her share in intestacy. For the purpose of ascertaining the widow's intestate share of the estate, the estate must include real and personal property wherever located, owned by the testator at his death. There must be deducted the debts, funeral, administration expenses

and exempt property. If her share thus computed exceeds one half of the estate after deducting debts, funeral, administration expenses, exempt property and estate taxes, her intestate share is to be limited to one half the estate and no more.

The court finds upon the evidence that the ownership of the four items of jewelry in question are in the widow and her claim to them is sustained.

The personal claim of the Guaranty Trust Company, for custodian services and the contingent claims of the company based upon the testator's guaranty of certain debts, are allowed.

The personal claim of the individual executor for compensation for services rendered and for reimbursement for expenses incurred by him in connection with such services is allowed. They were services and expenses which were contemplated by the testator, the claimant and others under the written agreement of May 31, 1941, as amended May 29, 1946. The agreement under its terms was binding upon the testator's estate.

The court further holds that each of the charges set forth in schedule CCC of the executors' account with the exception of the two items set forth in the objections of the widow are items chargeable to the estate as a general cost of administration. The widow's objection is in that respect accordingly sustained.

As to the objections filed by the special guardian the court rules as follows: Items (a), (b) and (c) are sustained on consent. Item (d) is overruled since the executor has withdrawn his claim to commissions on the increase in value of certain stocks. Item (e) is sustained. The temporary administrators are not entitled to commissions on the uncollected receivables enumerated in the schedules of the account. It is well settled that neither executors nor administrators are entitled to commissions on uncollected promissory notes or other uncollected receivables (*Matter of Hildreth,* 274 App. Div. 611; *Matter of James,* 261 App. Div. 480; *Matter of Freeman,* 105 Misc. 423, 426; *Matter of Keane,* 97 Misc. 213, 219). The same rule should be applied to temporary administrators.

The objections of Mario Schiavi are sustained and his claim against the estate is allowed in the amount of $2,000.

Submit decree on notice settling the account in accordance with this decision. The decree shall contain a provision that in the event the value of the estate shall be fixed in an amount which is less than the amount accounted for the commissions shall be adjusted in a subsequent proceeding and a refund be made to the estate for any excess commissions paid.