In the Matter of the Accounting of JOSEPH A. ZOCK et al., as Temporary Administrators and Executors of RICHARD N. RYAN, Deceased, Respondents. HOPE B. RYAN, Appellant; EDWARD EDELMAN, as Special Guardian of HOPE RYAN and Others, Infants, et al., Respondents.

First Department, July 1, 1952.

*Ethan A. Hitchcock* of counsel (*Lee McCanliss* with him on the brief; *McCanliss & Early,* attorneys), for appellant.

*Edward Edelman,* Special Guardian, respondent in person.

*Per Curiam.* This is an appeal by a widow from so much of a decree of the Surrogate's Court as denies her the right to an absolute election against the will, and also from various decretal provisions relating to the formula for ascertaining the amount of her limited right of election.

The testator died September 17, 1949, survived by his widow and three minor children. Under his will, decedent bequeathed to the surviving issue all his tangible personal property; made additional bequests to named beneficiaries, including an annuity to one employee; and set up a sum in trust for the benefit of his goddaughter. Subject to the payment of the annuity, his residuary estate was left in trust, one third of the income to his widow for life and two thirds to his issue in equal shares, per stirpes. Upon the death of the widow, the entire income was to become payable to his descendants then surviving in equal shares, per stirpes, and as each surviving child reached thirty years of age he was to receive his share of the principal outright. The residuary estate was made subject to the payment of all taxes.

With respect to the widow's contentions that the trust set up for her does not fulfill the requirement of section 18 of the Decedent Estate Law, and that therefore she is entitled to an absolute right of election against the will, it suffices to say that we fully concur with the Surrogate's disposition of the objections raised below. There is no good reason why we should be called to pass upon the two additional points which the widow seeks to present for the first time on this appeal. In connection with the annuity, it appears that the annuitant died on January 23, 1950, and that there accrued to the annuitant's estate on account of the annuity the sum of $729.42. Apparently for that reason appellant did not raise or litigate this point before the Surrogate.

More substantial are the questions raised with respect to the formula set forth below for determining how the widow's limited right of election is to be exercised. The problem here is to determine how two key sums are to be fixed: first, the elective share to which the surviving spouse is entitled under sections 18 and 83 of the Decedent Estate Law and second, the amount actually devised to her by will, which will go in partial satisfaction of that elective share. Assuming that the first figure exceeds the second figure, the difference between the two sums is the amount which the surviving spouse is entitled to receive outright under her election against the will.

The primary measure of the participation of the surviving spouse in an estate is the *share in intestacy* provided in section 83 of the Decedent Estate Law. It is against that measure, in the first instance, that the adequacy of any testamentary provision must be considered and the extent of any elective share must be determined. Under that section it is clear that a

widow, where, as here, children survive, is entitled to one third of the value of decedent's property less funeral expenses, debts and administration expenses, including the expenses of the accounting (Decedent Estate Law, § 83, subd. 1; *Matter of Goldsmith,* 177 Misc. 298).

However, it is provided in paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law, that in no event may the share in intestacy, computed under section 83, exceed " one-half of the net estate of the decedent, after the deduction of debts, funeral and administration expenses and any estate tax ". The meaning of the words " any estate tax " is an issue herein.

The surviving spouse contends that the term " any estate tax " as used in paragraph (a) of subdivision 1 of section 18 relates to the tax allocable to the share of the surviving spouse theretofore determined. It would seem to us clear that the words " any estate tax " must be construed, in this context, as meaning all estate taxes, and that before determining the upper limit of the elective share imposed by paragraph (a) of subdivision 1 of section 18 it becomes necessary to deduct all of the estate taxes payable by the estate. To hold otherwise would involve a distortion of the plainly indicated legislative intent. *Matter of Peters* (88 N. Y. S. 2d 142, affd. 275 App. Div. 950) is distinguishable.

The decree also computed the sum bequeathed to the widow under the will, in partial satisfaction of her elective share, as " one-third of the capital value of the net residuary trust, determined after the deduction of all prior legacies, whether of money or property from the net estate so obtained, but before the deduction of estate, transfer, succession and other death taxes ". Inasmuch as the various estate taxes are to be paid from the residuary estate, said computation must be made after the payment of such taxes, and not before, as the decree appealed from provided. The widow is entitled to receive outright, therefore, a sum equal to the difference between the elective share as limited by paragraph (a) of subdivision 1 of section 18, and one third of the residuary estate after the deduction, not only of the expenses and legacies referred to by the Surrogate, but of the various taxes as well.

If the provisions of section 124 of the Decedent Estate Law were applicable to this estate, the surviving spouse would be required to contribute that portion of the New York estate tax allocable to her elective share. Testator died after the marital deduction took effect under the Federal Internal Rev-

enue Law, but before the effective date of the corresponding amendment to the Tax Law of New York State. In view of the circumstance that the upper limit on the elective share created by paragraph (a) of subdivision 1 of section 18 applies herein requiring, as has been stated above, that *all* estate taxes (State as well as Federal) be deducted in computing said upper limit, and that the widow's elective share herein is thereby reduced by an amount exceeding anything which could possibly be charged against it under section 124 of the Decedent Estate Law, there is no occasion in the administration of this estate to require any tax contribution on the part of the surviving spouse from her elective share.

Consequently, the language of subdivisions (d) and (f) of paragraph 3 of the decree should be modified by substituting the words " after the deduction of estate, transfer, succession and other death taxes " in place of the words " before the deduction of estate, transfer, succession and other death taxes ".

We further construe subdivision (f) of paragraph 3 as meaning that in contributing the necessary amount to make up the deficiency in the widow's elective share, her capital interest in the residuary trust is to be separated from the children's so that she receives the entire income and accruals from her capital interest therein as part of what she is credited with receiving under the will.

The decree should be modified in accordance with the views herein expressed and as so modified affirmed, with costs to all parties appearing herein and filing briefs, payable out of the estate. Settle order.

PECK, P. J., DORE, COHN, VAN VOORHIS and SHIENTAG, JJ., concur.

Decree unanimously modified in accordance with the opinion herein and, as so modified, affirmed, with costs to all parties appearing and filing briefs herein, payable out of the estate. Settle order on notice.