In the Matter of the Estate of FRANK WOLF, Deceased.

Surrogate's Court, New York County, March 4, 1953.

0

*Leo L. Hoffman* for Betsy Wolf, as administratrix *c. t. a.* of Frank Wolf, deceased, petitioner.

*Moses Kooperstein, Sidney Leichter* and *Raphael H. Rhodes* for Ethel Wolf, respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Julius Greenfield* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

COLLINS, S. Application has been made for a determination of the effect of a notice of election by the widow to take against decedent's will. Decedent's will made no provision for his wife, left substantially all his estate to his mother, and contained

no directions as to the apportionment of estate taxes. The widow and the mother are in disagreement as to the correct method to be followed in computing the "intestate share" or "share in intestacy" of the widow. In support of her method of computation, the mother argues that paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law which provides that "a surviving spouse shall in no event be entitled to take more than one-half of the net estate of the decedent, after the deduction of debts, funeral and administration expenses and *any estate tax*" (emphasis added), limits the widow's elective share to one half of the net estate after such debts, expenses *and all estate taxes* are subtracted from the gross estate. The respondent widow on the other hand contends that only debts, expenses, jointly held property, and the widow's statutory exemption (but no estate taxes) should be subtracted from the gross estate and, since there are no issue, that her elective share consists of one half of such net estate. She argues that paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law was intended by the Legislature to enlarge, not to limit the share to which a surviving spouse might be entitled; and that the Federal and New York marital deduction provisions were enacted to permit a surviving spouse to receive one half of the decedent's property outright free of estate taxes in order to put surviving spouses in such States as New York on a substantially equal footing with spouses in States with community property laws. She urges that subdivision 3 of section 124 of the Decedent Estate Law was intended by the Legislature to give to the surviving spouse the full benefit of the deduction granted by the Federal and State marital deduction provisions.

In view of the fact that each party relies on an Appellate Court decision — the mother on *Matter of Ryan* (201 Misc. 632, mod. 280 App. Div. 410) — the widow on *Matter of Peters* (204 Misc. 333, affd. 275 App. Div. 950) and the fact that the provisions of section 83 and paragraph (a) of subdivision 1 of section 18 and subdivision 3 of section 124 of the Decedent Estate Law as well as subdivision (e) of section 812 of the Internal Revenue Code and section 249-s of the Tax Law, which must be read together and applied in this situation, appear to be to some extent contradictory, an extended analysis of the applicable statutes and decisions is warranted.

Subdivision 1 of section 18 of the Decedent Estate Law provides that a surviving spouse may elect to take her share of the estate "as in intestacy," subject to the limitations, conditions, and exceptions contained in the section. The share "as

in intestacy '' is prescribed by section 83 of the Decedent Estate Law and in subdivision 3 thereof such share '' as in intestacy '' would ordinarily be $5,000 plus one half of the net estate after deducting debts, funeral and administration expenses. However, paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law provides that such share thus determined may in no event exceed '' one-half of the net estate * * * after the deduction of debts * * * and any estate tax ''.

The authorities are in accord in holding that the share '' as in intestacy '' (apart from the effect of the limitation contained in Decedent Estate Law, § 18, subd. 1, par. [a]) must be computed initially upon the net estate *before* the deduction of estate taxes. (*Matter of Goldsmith,* 177 Misc. 298; *Matter of Peters, supra; Matter of Vitale,* N. Y. L. J., Dec. 12, 1952, p. 1481, col. 1; *Matter of Ryan,* 201 Misc. 632, mod. 280 App. Div. 410, is not in disagreement upon this point.)

It is undeniable, however, that paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law, which appears to require computation of the widow's share only *after* deduction of debts, funeral and administration expenses and '' *any* estate tax '', and subdivision 3 of section 124 of the Decedent Estate Law, which provides that, in apportioning estate taxes, any '' deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent * * * shall inure to the benefit of the person bearing such relationship '', are to some extent contradictory, at least in their practical application to the computation of the widow's elective share. Although the lower court carefully left open this question in *Matter of Peters* (204 Misc. 333, *supra*) the Appellate Division, Second Department, in affirming, expressly stated (275 App. Div. 950) that: '' The reference in paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law to deduction of ' any estate tax ' *was not intended to effect a formula contrary to that set forth in section 124 of the Decedent Estate Law.*'' (Emphasis added.) (See, also, *Matter of Furno,* 199 Misc. 273; *Matter of Clark,* 169 Misc. 202.) The resolution of the conflict between the two statutes by permitting the rule of the more recently enacted apportionment statute to prevail is approved in a recent law review note, Effect of the Marital Deduction on Apportionment of the Federal Estate Tax (52 Col. L. Rev. 945–946) which observes: '' Where the testator has not provided for payment of the federal estate tax, it is apportioned according to state law (*Riggs* v. *Del Drago,* 317 U. S. 95 [1942]) except in the limited area governed by express

Congressional provision. (See, Int. Rev. Code, § 826 (c), (d).) Some states have apportionment statutes which distribute the tax burden of both takers under the will and takers by intestacy in proportion to the amounts that their interests actually contribute to the total tax burden (citing State Statutes including N. Y. Decedent Estate Law, § 124). Inconsistent with the apportionment statutes are the laws of intestate succession of the same states which seem to require that takers by intestacy pay a proportionate share of the tax even though, if their interests are deductible, they contribute not at all to the amount of the tax burden (citing Statutes including N. Y. Decedent Estate Law, § 18 (1) (a)) * * *. This inconsistency has been resolved by following the rule of the apportionment statutes: to the extent that the widow's share is deductible, she is liable for none of the estate tax, though she takes an intestate share. (*In re Peters Will,* 88 N. Y. S. 2d 142 [204 Misc. 333] (Surr. Ct.) affd. 275 App. Div. 950, 89 N. Y. S. 2d 651 (2d Dep't, 1949) * * *."

This view appears to have been accepted by other commentators. (See Montgomery on Federal Taxes, 1951–1952, Estates, Trusts and Gifts, p. 792; Trachtman, Estate Planning, [1951 ed.], p. 54.)

However, in *Matter of Ryan* (280 App. Div. 410) the Appellate Division, First Department, in affirming the decision of the Surrogate's Court (201 Misc. 632) but modifying the decree entered on that decision, construed the words " any estate tax " of paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law to mean *all* estate taxes in the context there involved. In the *Ryan* case the will contained an apportionment clause making the residuary estate subject to the payment of all estate taxes. The widow was bequeathed only the life interest in a trust composed of one third of the residue. The principal of this trust, as well as the life interest and principal of trusts of the remaining two thirds of such residue was bequeathed to testator's issue. This court held (*Matter of Ryan,* 201 Misc. 632) that since the aggregate of the provisions of the will for the benefit of the widow was less than her intestate share, she was entitled to take outright the difference between one third of the capital value of the trust for her benefit and the value of her share in intestacy. In its decision, the Appellate Division stated as follows: " The surviving spouse contends that *the term 'any estate tax' as used in paragraph (a) of subdivision 1 of section 18 relates to the tax allocable to the share of the surviving spouse theretofore determined.* It would seem to us clear that the words ' any estate tax ' must be construed, in

this context, as meaning all estate taxes, and that before determining the upper limit of the elective share imposed by paragraph (a) of subdivision 1 of section 18 it becomes necessary to deduct all of the estate taxes payable by the estate. To hold otherwise would involve a distortion of the plainly indicated legislative intent. *Matter of Peters* (88 N. Y. S. 2d 142 [204 Misc. 333], affd. 275 App. Div. 950) is distinguishable.'' (Emphasis added.)

The surviving spouse's contention, italicized in the above quotation, was that her share under paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law was to be computed without any deduction whatsoever for any estate tax allocable thereto. To accept this argument the Appellate Division in *Matter of Ryan* would have had to ignore completely, and without excuse, the plain words '' any estate tax '' used in paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law. As the Appellate Division observed, to do so '' would involve a distortion of the plainly indicated legislative intent.'' (280 App. Div. 410, 413.)

The language of the surviving spouse's contention was taken almost verbatim from the language of the Appellate Division's decision in *Matter of Peters* (275 App. Div. 950) where the court was dealing with the application of subdivision 3 of section 124 of the Decedent Estate Law in computing the widow's elective share. No question of the application of section 124 was involved in *Matter of Ryan*. Inasmuch as the *Ryan* will contained an apportionment clause, the surviving spouse in using the language from the decision in *Matter of Peters* to support her argument in *Matter of Ryan* was wrenching the language of the former decision out of its proper context.

Where, as in *Matter of Peters*, the will does not contain any apportionment clause, section 124 of the Decedent Estate Law, subdivision (e) of section 812 of the Internal Revenue Code and section 249-s of the Tax Law, the latter two, the marital deduction provisions, '' must be read together if they are to be properly applied.'' (*Matter of Peters*, 204 Misc. 333.) The Surrogate's Court in *Matter of Peters* went on to say that the purpose of the marital deduction provisions was '' to allow a surviving spouse to take a certain portion of the estate free of Federal estate taxes,'' and that '' Had decedent in the case at bar died intestate, the petitioner, as his widow, would be entitled to one-third of his net estate before estate taxes (Decedent Estate Law, § 83). Her share would qualify as a marital deduction and escape Federal estate taxes. Under section 124

of the Decedent Estate Law she would be liable for her proportionate share of estate taxes payable to the State only."

The Appellate Division in *Matter of Ryan* (*supra*), after disposing of the surviving spouse's argument expressed full agreement with the above reasoning in a later passage of its decision. It noted (280 App. Div. 410, 413–414) that if section 124 of the Decedent Estate Law had been applicable to the estate, the widow " would be required to contribute that portion of the New York estate tax allocable to her elective share " since the testator had died after the Federal marital deduction provisions had taken effect but before the New York Tax Law marital deduction amendment had taken effect. Inasmuch as the court in *Matter of Ryan* referred only to the fact that the widow would be required to contribute that portion of the New York estate tax allocable to her elective share, but made no mention of any portion of the Federal estate tax allocable to such elective share, the conclusion is inescapable that the Appellate Division assumed that had the New York marital deduction amendment to the Tax Law been in effect at the date of testator's death, the widow would not have been required to contribute any portion of any estate taxes, State or Federal, " allocable to her elective share." In other words, the Appellate Division, First Department, would agree with the Appellate Division, Second Department, that where section 124 of the Decedent Estate Law applies, the widow's share is not required to bear any portion of the estate taxes to the extent that such widow's share qualifies for the marital deduction under the applicable Tax Law.

This court is of the opinion that *Matter of Peters,* is distinguishable from *Matter of Ryan,* as indeed the Appellate Division in *Matter of Ryan* expressly stated (280 App. Div. 410, 413) and that where, as here, the will contains no apportionment clause, *Matter of Peters* is controlling. This appears to be the basis of the distinction drawn by the Appellate Division, First Department, between the two decisions. This court's adherence to the rule of *Matter of Peters* in the situation here presented appears to be consistent with the views of the Appellate Division as expressed in the language of its decision in *Matter of Ryan*. It may also be noted that the court in *Matter of Ryan* in requiring " all estate taxes " to be paid out of the residue of the estate, pursuant to the apportionment clause of the will, before the dollar amount of the widow's one-third trust interest was arrived at, and permitting her to exercise her right of election to the extent that such life interest so computed was less than the amount which she would have received in intestacy,

gave outright to the widow a greater amount than she would have received if her intestate share had been computed before deduction of the estate taxes from such trust principal. The court thus followed the familiar policy of construing paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law so as to permit the widow to receive the maximum possible amount from the estate. Such a policy dovetails with the policy followed in *Matter of Peters* of giving broad effect to section 124 of the Decedent Estate Law for the widow's benefit. In this connection it may be noted that the method here adopted is advantageous to the surviving spouse, in giving her the fullest possible benefit of the marital deduction provisions and, insofar as it operates to permit the maximum amount of estate property to qualify for the marital deduction, results in the minimum estate tax liability for the estate as a whole.

Moreover, the Legislature has apparently acquiesced in the construction of section 124 and paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law adopted by the Appellate Division in *Matter of Peters*. That case was decided in 1949 under section 124 of the Decedent Estate Law, as it stood prior to September 1, 1950. Thereafter section 124 was amended, but according to the statement of the Executive Committee of the Surrogate's Association accompanying the bill, the purpose of the amendment merely was "to clarify the principles and procedure relating to estate tax apportionment." No change in the result in *Matter of Peters* was apparently intended or desired. Indeed, the "lumping together" of the reference to the marital deduction with the reference to the charitable deduction in the September 1, 1950, amendment spelled out the Legislature's understanding that the marital deduction was to be treated in the same manner as the charitable deduction for apportionment purposes. This analogy between treatment of the two types of deductions was one of the bases for the *Peters* decision (*supra*) and the subsequent amendment to subdivision 3 of section 124 would appear to confirm that basis for the decision. Under the circumstances, this court will follow the method of application of section 124 of the Decedent Estate Law applied in *Matter of Peters* and approved by the dictum in *Matter of Ryan*. (See, also, *Matter of Lewis,* 115 N. Y. S. 2d 791, 803; *Matter of Vitale,* N. Y. L. J., Dec. 12, 1952, p. 1481, col. 1; *Matter of Schnitzer,* N. Y. L. J., Dec. 22, 1952, p. 1568, col. 3.)

In applying subdivision 3 of section 124 of the Decedent Estate Law it must be borne in mind that the section is "merely an instrumentality for the administration of the Tax Law and

of estates generally, and is only a procedural and administrative enactment." (*Matter of Dettmer,* 179 Misc. 844, 847.) It does not repeal or eliminate the words " any estate tax " from the provisions of paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law, nor does it, in itself, exonerate the surviving spouse from payment of any portion of the estate taxes, except insofar as the applicable Federal and State estate tax provisions do so, but merely shifts the burden of such taxes, or as where subdivision 3 of section 124 comes into operation, allocates the benefit of the exemption or deduction allowed under such tax provisions.

Accordingly, the court holds that the widow's elective share is one half of the decedent's intestate estate after deducting debts, funeral and administration expenses, subject, however, to the prorata share of any Federal and New York estate taxes allocable thereto in accordance with section 124 of the Decedent Estate Law, with proper allowance for any statutory exemption and marital deduction allowed under the applicable tax laws.

Included within the taxable gross estate here is the amount of $64,290.52 attributed to insurance policies which provide for payments to decedent's widow for life, and upon her death to decedent's niece and nephew, the grandchildren of petitioner, decedent's mother. It is of course conceded that the widow's interest in the insurance proceeds is a " terminable " one, and does not qualify under the Federal or New York marital deduction provisions. Both petitioner and respondent agree that the value of the insurance fund included in the gross taxable estate should not be taken into consideration in computing the net estate subject to election by the widow. The petitioner, however, contends that the amount of estate taxes allocable to the value of the insurance fund must be subtracted from the estate before the widow is permitted to exercise her right of election, while the widow argues that the estate taxes allocable to her interest in the insurance fund, as well as the estate taxes, if any, allocable to the interest of the niece and nephew therein, should be paid only out of the corpus of such insurance fund. The practical result of the widow's position is to prevent the amount of qualified property passing to her from being reduced by any part of such taxes, and thus obtain the maximum marital deduction available. However, no estate tax returns have been submitted to the taxing authorities. Consequently, this court will not undertake to determine at this time the correctness of the method of computation of taxes used by the widow insofar as it deducts entirely from the insurance fund, and not from the

widow's elective share of the intestate estate, that portion of the Federal and New York estate taxes on the gross estate which is attributable to the widow's interest in the insurance fund, in view of the difficulty arising from the fact that the marital deduction provisions themselves, paragraph (1) of subdivision (e) and subdivision (E) of section 812 of the Internal Revenue Code, and paragraph (e) of subdivision 4 of section 249-s of the Tax Law, require that the amount of qualified property passing to the widow must be reduced by the amount of any estate, succession, legacy or inheritance tax which is to be paid from such share.

This court will be " bound by the actual fact of inclusion or exclusion of property by the taxing authorities." (*Matter of Kaufman,* 170 Misc. 436, 445; *Matter of Townsend,* 200 Misc. 740.) " It takes the accomplished fact of taxation and then allocates the burden on the basis of actuality of tax." (*Matter of Kaufman, supra.*)

Accordingly, the court approves the method of computation of the intestate share adopted by the widow, except insofar as future determinations of the taxing authorities with respect to the insurance fund included within the taxable gross estate may require its modification.

Submit decree on notice accordingly.