In the Matter of the Estate of FRANK WOLF, Deceased. BETSY
   WOLF, as Administratrix C. T. A. of FRANK WOLF, Deceased,
   Appellant; ETHEL WOLF, Respondent.

Argued March 8, 1954; decided July 14, 1954.

*Harry J. Winick* and *Allan L. Winick* for appellant.  I. The Decedent Estate Law (§ 18, subd. 1, par. [a]) prescribes a limitation upon the amount a surviving spouse can take by virtue of her right of election.  (*Matter of Ittleson,* 197 Misc. 786; *Matter of Goldsmith,* 177 Misc. 298; *Matter of Peters,* 275 App. Div. 950.)  II. The words '' any estate tax '' as used in section 18 (subd. 1, par. [a]) of the Decedent Estate Law mean all estate taxes.  (*Matter of Ryan,* 280 App. Div. 410.)  III. Section 124 of the Decedent Estate Law deals solely with apportionment of taxes and not the extent of the elective share of the surviving spouse.  IV. The marital deduction is a deduction permitted by law to the estate and is not a deduction personal to the widow.

V. The tax caused by the terminable interest of the widow in the insurance fund should be paid from the insurance fund. VI. By the exercise of her right of election, the widow is limited to the amount designated by the Legislature with proper effect given to all deductions permitted by law and benefits conferred by law. VII. The enactment of section 18 of the Decedent Estate Law did not guarantee that the surviving spouse would receive any particular portion of the resources possessed by the deceased spouse prior to death. (*Hart* v. *Hart,* 194 Misc. 162; *Newman* v. *Dore,* 275 N. Y. 371; *Matter of Kalina,* 184 Misc. 367.)

*Moses Kooperstein, Sidney Leichter* and *Raphael H. Rhodes* for respondent. I. The legislative intent of section 18 of the Decedent Estate Law was to enlarge the share of a surviving spouse. (*Matter of Clark,* 169 Misc. 202; *Matter of Byrnes,* 260 N. Y. 465.) II. The respondent widow's contention is consonant with the express language of section 124 of the Decedent Estate Law. III. Section 18 (subd. 1, par. [a]) of the Decedent Estate Law, as construed by the petitioner-appellant, could result in the wiping out of the surviving spouse's share. IV. The marital deduction statutes support the respondent widow's interpretation of section 18 of the Decedent Estate Law. V. Legal authorities and decisions support the respondent widow's interpretation of section 18 of the Decedent Estate Law. (*Matter of Peters,* 275 App. Div. 950; *Matter of Ryan,* 201 Misc. 632, 280 App. Div. 410.) V. Petitioner-appellant's interpretation of section 18 of the Decedent Estate Law results in a larger total tax than there would be under the respondent widow's interpretation. VII. The respondent widow does not receive more than one half of the estate. VII. Petitioner-appellant is wrong in deducting taxes resulting from the insurance fund in determining the net estate for distribution.

LEWIS, Ch. J. The petitioner-appellant, Betsy Wolf, mother of Frank Wolf, deceased, and one of two administratrices with the will annexed of the estate of the decedent, instituted this proceeding in Surrogate's Court, New York County, for a decree instructing her as to the legal basis for computing the share of the decedent's widow, Ethel Wolf, respondent herein and a

coadministratrix with the will annexed, who elected to take her intestate share against the decedent's will. By her answer, the respondent widow and coadministratrix, joins the petitioner in seeking instructions and a determination as to the correct application of the Decedent Estate Law (§ 18, subd. 1, par [a]) in computing her intestate share of the decedent's estate.

The decree by the Surrogate was affirmed by the Appellate Division, one Justice dissenting and voting to modify. The administratrix (mother of the decedent) has appealed as of right to this court.

The will of the decedent Frank Wolf bears the date September 2, 1930, at which time he was unmarried and both his parents were living. By his will the testator made the following bequests: (1) to his father and mother, $2,000 " to be donated by them to any Jewish Hospitals of the City of New York, as in their discretion they see fit   *   *   * "; (2) to his father and mother, $50,000 to be divided equally between them or, if one should predecease the other, to the survivor; (3) to his executors, from the residuary of his estate, a sum not to exceed $10,000 to be held in trust for a nephew, Morton Schoenbach; (4) to his father and mother the residue, if any, of his estate to be divided equally between them. The will contained no direction with respect to the payment of taxes.

On March 15, 1942 — eleven years subsequent to the date of the decedent's will — the decedent married the respondent Ethel Wolf. He died ten years later, on March 22, 1952 — without having changed his will executed September 2, 1930 — leaving him surviving his wife, his mother and his nephew, Morton Schoenbach. No children were born of decedent's marriage with the respondent.

Included within the taxable gross estate is a sum amounting to $64,290.52 — the proceeds of insurance policies which directed that monthly payments be made therefrom to decedent's wife during her life with contingent remainders to his niece and his nephew.

The appellant does not question the validity of the notice of election, filed and served by the respondent, to take her intestate share of decedent's estate.

The computation* which the appellant claims conforms with all legal requirements for arriving at the widow's intestate share, gives effect to appellant's claim that, under applicable law, the widow's intestate share is computed by deducting from decedent's gross estate *all* the estate taxes due therefrom *before* arriving at the widow's intestate share as limited by the Decedent Estate Law (§ 18, subd. 1, par. [a]). The appellant also contends that any estate tax attributable to the avails of life insurance policies shall be paid out of the life insurance fund thus created as allocated pursuant to section 124 of the Decedent Estate Law.

Opposed to the above formula by which the appellant would compute the respondent's intestate share of her husband's

---

* The computation for which appellant contends is set forth in her petition as follows:

| | | |
|---|---:|---:|
| " Gross Estate | | $478,772.11 |
| Less Insurance — (Not qualifying for Marital Deduction — terminable Interest — widow life tenant — no part of distributable estate) | $64,290.52 | |
| Joint property | 2,394.70 | |
| Adm. Exp. | 23,794.45 | |
| Debts | 13,164.93 | |
| Exemption | 300.00 | 103,944.60 |
| Net Estate for Distribution Subject to Taxes | | $374,827.51 |
| Less: N. Y. Estate Taxes | 4,193.58 | |
| Federal Estate Taxes | 53,497.09 | |
| Total Taxes | | 57,690.67 |
| Net Estate | | $317,136.84 |
| Share of Widow (50%) | | $158,568.42 |

Included in the sum of $57,690.67, the total estate taxes, is the sum of $12,642.67, which is the apportionment of Federal and New York Estate Taxes allocable to the Insurance Funds which did not qualify for Marital Deduction in which the widow, Ethel Wolf, is a life tenant."

(Other than as may be indicated in this opinion, we do not pass upon the validity or accuracy of the computation quoted above.)

estate, the respondent asserts that in making such computation*
to determine the amount of her intestate share under the statu-
tory election she has made, no deduction may be made for any
estate tax because she is entitled, under section 249-s (subd. 4,
par. [a]) of the Tax Law to a "marital deduction" for any
amounts passing to her by virtue of her right of election under
the Decedent Estate Law (§ 18, subd. 1, par. [a]). The respond-
ent contends further that the tax attributable to the avails of
life insurance policies should be paid from the fund so created
and that no deduction should be made from the gross estate
for the amount of estate taxes attributable to such insurance in
determining her share by reason of her right of election.

Thus the question for decision is whether — as the appellant
contends — the respondent takes her intestate share — as limited
by the various provisions of section 18 — *after* deducting all

---

* The computation for which the respondent (widow) contends is set forth
in her answer as follows:

"Gross estate (for tax purposes)    $478,772.11

| | | |
|---|---:|---:|
| Less: Insurance Fund | $64,290.52 | |
| Joint property | 2,394.70 | |
| Adm. expenses | 23,794.45 | |
| Debts | 13,164.93 | |
| Exemption | 300.00 | 103,944.60 |
| Net Estate subject to election by surviving spouse | | $374,827.51 |
| Elective share of surviving spouse | | 187,413.75 |
| Balance of Estate subject to taxes | | 187,413.75 |
| Insurance in which surviving spouse has a terminable interest subject to taxation | | 64,290.52 |
| Net taxable estate | | $251,704.27 |
| Est. Federal Estate tax | $45,770.20 | |
| Est. New York Estate | 3,385.22 | |
| Est. Total taxes | $49,155.42 | |
| Est. tax allocable to Insurance Fund | 11,790.82 | |
| Taxes to be paid by Named legatees | $37,364.60 " | |

(Other than as may be indicated in this opinion, we do not pass upon the
validity or accuracy of the computation quoted above.)

estate taxes; or — as claimed by the respondent — *before* estate taxes have been deducted.

The Surrogate's opinion — which is the basis for affirmance by the Appellate Division — favors the widow. The dissenting opinion at the Appellate Division favors the position taken by the appellant.

As to applicable statutes: the Decedent Estate Law (§ 18, subd. 1) provides: '' Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section.''

We have seen that the decedent left no children but was survived by his wife and his mother. In those circumstances we turn to the Decedent Estate Law (§ 83, subd. 3) which provides in part: '' * * * If the deceased leaves one parent surviving, and no child or descendant, and a surviving spouse, the surviving spouse shall take five thousand dollars and one-half of the residue, and the surviving parent shall take the balance; if there be no surviving spouse, the surviving parent shall take the whole.''

However, in exercising the statutory right of election, the amount a widow is entitled to take is limited by the Decedent Estate Law (§ 18, subd. 1, par. [a]) as follows: '' In exercising the right of election herein granted a surviving spouse shall in no event be entitled to take more than one-half of the net estate of the decedent, after the deduction of debts, funeral and administration expenses and any estate tax, and the words ' intestate share ' wherever used in this section shall in no event be construed to mean more than one-half of such net estate.''

Applying the statutes quoted above to the computation of the present respondent widow's intestate share of her husband's estate, the maximum or ceiling fixed by section 18 (subd. 1, par. [a]) serves to reduce the share she would otherwise take under section 83 (subd. 3). Thus — referring to the two proposed computations set forth *supra* in footnotes — the decedent's net estate is tentatively computed to be $374,827.51. It is the respondent's contention that, although under section 83

(subd. 3) she would take $187,413.75 *plus $5,000,* she is limited by section 18 (subd. 1, par. [a]) to $187,413.75. However, the administratrix-appellant — disagreeing with the computation by the respondent — would deduct from the net estate computed at $374,827.51 the additional sum estimated at $4,193.58 for New York estate taxes and the estimated sum of $53,497.09 for Federal estate taxes, thus reducing the net estate subject to the respondent widow's election to $317,136.84, of which her maximum one half would be $158,568.42.

The enactment of section 18 of the Decedent Estate Law by chapter 229 of the Laws of 1929 was one of a number of legislative alterations affecting the Decedent Estate Law made upon the recommendation of the Commission to Investigate Defects in the Laws of Estates. By its terms, however, the new legislation did not become effective until September 1, 1930.

Prior to September 1, 1930, estate taxes were payable, primarily at least, out of the residuary estate, and were deducted therefrom prior to the determination of the shares payable to beneficiaries. (*Matter of Oakes,* 248 N. Y. 280, 282; *Matter of Hamlin,* 226 N. Y. 407, 416–419; *Matter of del Drago,* 287 N. Y. 61, 69, 71, revd. on other grounds *sub nom. Riggs* v. *del Drago,* 317 U. S. 95).

The Legislature changed that rule by the enactment of section 124 of the Decedent Estate Law (L. 1930, ch. 709), effective September 1, 1930, which statute provided that, in the absence of a direction to the contrary by the testator, estate taxes shall be apportioned and prorated among those who share in the estate. Thus, in a case where section 124 is applicable, the share of each beneficiary is first determined and computed and then his prorata share of the tax is deducted therefrom.

In a situation where taxes *are not to be apportioned,* the formula for determining a widow's intestate share under section 18 (subd. 1, par. [a]) is to deduct the total of estate taxes from the net estate and then give the widow one half the balance. (See *Matter of Ryan,* 280 App. Div. 410.) Where, however, as here — under section 124 — the taxes *are to be apportioned,* the correct formula is to give the widow one half of the net estate before taxes and then deduct from her share any tax chargeable against that share (see *Matter of Peters,* 275 App. Div. 950).

In the present case, where the widow's share qualifies for the statutory marital deduction (Tax Law, § 249-s, subd. 4, par. [a]), then, of course, there is no tax to be deducted from her share. In this connection it should be noted that the Decedent Estate Law (§ 124, subd. 3, par. [ii]) provides in part that " any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the fact that the property consists of life insurance proceeds * * * shall inure to the benefit of the person bearing such relationship or receiving such insurance proceeds * * *."

The argument against employing the formula of *Matter of Peters (supra)* is that the Legislature of 1929, which enacted section 18 of the Decedent Estate Law, had no way of knowing that the Legislature of 1930 would adopt the rule of apportionment of taxes contained in section 124. Consequently, so the argument goes, the phrase " any estate tax " contained in section 18 must be read as though section 124 had never been enacted.

We cannot agree with that argument. The same commission that recommended section 18 also recommended section 124. Both statutes went into effect September 1, 1930, and were parts of the sweeping revision of the law of decedent estates that then became effective. Both statutes had the same object. Thus the purpose of section 18 was to increase the share of the surviving spouse in a decedent's estate. (*Matter of Byrnes,* 260 N. Y. 465, 472.) The purpose of section 124 was also to increase the share of the surviving spouse — who, as the residuary legatee, formerly had to pay the entire estate tax — by requiring each legatee to pay the portion of the tax allocable to his own share. (Combined Reports of Commission to Investigate Defects in the Laws of Estates, 1928–1933 [Reprint ed.], p. 338). In our view, therefore, these statutes should be read together. Moreover, were we to decide otherwise, the formula which prevailed prior to the enactment of section 124 of the Decedent Estate Law would have to be used to determine the widow's intestate share and the apportionment formula of that statute in other calculations. Thus construed the statute would bring about needless complexity.

One other consideration is to be noted: Should a testator make someone other than his spouse the beneficiary of a substantial life insurance policy and the estate tax on the proceeds thereof were deducted from the estate before the surviving spouse's maximum share was determined, it might occur that the entire testamentary estate — the sole source of the surviving spouse's share — would be exhausted by the payment of taxes.

Our conclusion is that adoption of the formula advocated here by the respondent widow will serve better to carry out the intent of section 124 (subd. 3, par. [ii]), quoted above, by allowing her to have the full benefit of exemptions and deductions. Further, it will minimize the possibility that a widow's intestate share will be whittled away because the testator made valid *inter vivos* transfers of property which are nevertheless includible in his estate for estate tax purposes. This consideration is compelling since the Legislature has said, in adopting section 18, that its purpose was '' to increase the share of a surviving spouse in the estate of a deceased spouse, either in a case of intestacy or by an election against the terms of the will of the deceased spouse '' and has further directed that '' such provisions shall be liberally construed to carry out such intention '' (L. 1929, ch. 229, § 20; and see *Matter of Byrnes,* 260 N. Y. 465, 472; Combined Reports of Commission to Investigate Defects in the Laws of Estates, *supra,* p. 18).

In the circumstances thus disclosed, we think it clear that the preferred construction — the one more likely to carry out the intention of the Legislature — is that which enlarges, rather than decreases, the share of the surviving spouse.

The order should be affirmed, with costs to both parties payable out of the estate.

VAN VOORHIS, J. (dissenting). The question is whether, where a widow takes her elective share against her husband's will pursuant to section 18 (subd. 1, par. [a]) of the Decedent Estate Law, she can receive more than half of the net estate after estate taxes. This section expressly states that this computation is to be made after '' any estate tax ''. There is a difference between what a widow inherits in case of intestacy of her husband, and what she receives as her '' intestate share '' if she takes against a will. In case of intestacy, this decedent's

widow would have taken $5,000 and one half of the residue computed before estate taxes (Decedent Estate Law, § 83, subd. 3). In taking against the will, the widow's intestate share " shall in no event be construed to mean more than one-half of such net estate " computed " *after   *   *   *   any estate tax* " (italics supplied). The effect of the order appealed from is to disregard, as it seems to me, this limiting language in section 18 (subd. 1, par. [a]) and to construe it as though this section provided that the widow's share shall be computed before estate taxes as section 83 directs to be done where there is no will.

Section 124 of the Decedent Estate Law does not purport to eliminate this ceiling imposed on the widow's intestate share by section 18 (subd. 1, par. [a]). It merely apportions the estate taxes to the various beneficiaries in proportion to the amounts which they receive, unless the will otherwise directs. Here the will contains no contrary direction, but there is no part of the estate taxes to be apportioned against the widow's elective share for the reason that what she receives has not increased the estate taxes due to the recently enacted Federal and State tax exemptions. Nothing in my view of the case prevents the widow from obtaining complete estate tax exemption for her share in the estate, nor is she required by section 124 to bear any part of the estate taxes imposed upon the estate. Section 124 does not apply to her at all.

Nothing in the widow's tax exemptions nor in section 124 purports to change the language of section 18 (subd. 1, par. [a]) which creates the widow's right to take against the will, and defines the amount of her elective share by limiting it to one half of the decedent's net estate after any estate taxes. The amount of estate taxes to be deducted before dividing by two is materially less than it would have been if she had not exercised her election, and her half of the net estate is thereby increased, nor is her share required to assume any part of the estate taxes after it has been computed. Nevertheless it seems to me that there is no other method of arriving at the amount of her intestate share than by dividing the decedent's net estate by two after deducting the taxes as reduced by the widow's election. The estate taxes are not imposed by the tax laws on particular legacies, but on the estate as a whole. Section 18

(subd. 1, par. [a]) is not a taxing statute, as Mr. Justice CALLA-HAN pointed out at the Appellate Division. It provides a formula for determining the amount of the widow's intestate share. I do not understand how this formula can be changed except by amendment to the statute. The words " after  *   *   *   any estate tax " cannot be construed as meaning " before any estate taxes " except by legislative action. Unless they are thus altered, there is no way to apply the formula except by deducting the estate taxes before computing the widow's share. It was so held in *Matter of Ryan* (280 App. Div. 410). Whether the estate taxes to be deducted before computing the widow's intestate share shall be limited to such as accrue by reason of decedent's actual estate where the taxable estate includes *inter vivos* trusts, or similar items, is a different question which is not presented by the facts of this case that should be reserved for decision when it arises.

The order appealed from should be modified to accord with the method for computation of the widow's share set forth in the petition, as voted by Mr. Justice CALLAHAN at the Appellate Division, with whose dissenting opinion I am in agreement.

CONWAY, DESMOND, DYE and FULD, JJ., concur with LEWIS, Ch. J.; VAN VOORHIS, J., dissents in opinion in which FROESSEL, J., concurs.

Order affirmed.