S. Samuel Di Falco, S.
The residuary estate was bequeathed to the testator’s trustees with directions “to create two separate and distinct trusts.” The provisions for the trust for his wife are as follows: “ The first shall consist of one-half (%) of my entire estate for the benefit of my wife, Miriam Glauber, and I direct my Trustee to pay to my said wife, annually, the income thereof for the remainder of her life; it being my intention that she shall receive the minimum as required by the Decedents’ Estate Law, and no more.” The second trust, for the benefit of the sister of the testator is to consist “ of the remainder of [his] estate.” (Emphasis added.)
It is argued that the testator intended to set up two equal trusts, and that the words “my entire estate ” were intended to mean his “ entire residuary estate ”. Such an interpretation finds no justification in the words which the testator has used to express his plan. Nor is there justification for reading the term “ entire estate ” as meaning his gross assets without any deduction whatever. The words “ one-half * * of my entire estate ’ ’, standing alone, might give rise to conflicting ideas as to what deductions, if any, were to be made from the gross assets before making the division which is to produce the widow’s share. These words, however, take on additional meaning from the direct statement of intention that the widow’s share is to consist of the minimum required for her use by the terms of the pertinent sections of the Decedent Estate Law. Amplification of the testator’s meaning must, therefore, be sought in the requirements of the statute. Section 18 is particularly pertinent. In its present text, which has remained unchanged since the testator’s death in October, 1957, it declares that the widow ‘1 shall in no event be entitled to take more than one-half of the net estate of the decedent, after the deduction of debts, funeral and administration expenses ”. It states that the words “intestate share ” whenever used in that section shall mean the spouse’s share as in intestacy or “ one-half of such net estate, whichever is smaller.” In this case, the one-half limitation is operative. In the light of the Decedent Estate Law, it is clear that the words “ entire estate ” were not intended to mean the gross *1070 estate, but rather the full disposable estate, after payment of all charges against it. It is patent that all debts, funeral expenses and administration expenses must be deducted from the gross estate before fixing the widow’s share.
When the will of this testator was executed, section 18 also permitted computation of the spouse’s share after allocation and deduction of all estate taxes from the residuary estate. As stated in Matter of Wolf (307 N. Y. 280, 287) the rule then in effect was that in “a situation where taxes are not to be apportioned, the formula for determining a widow’s intestate share under section 18 (subd. 1, par. [a]) is to deduct the total of estate taxes from the net estate and then give the widow one half the balance. * * * Where, however, * * * under section 124 — the taxes are to be apportioned, the correct formula is to give the widow one half of the net estate before taxes and then deduct from her share any tax chargeable against that share ”. This testator did explicitly direct that all estate taxes be paid from his residuary estate. However, he did not say that such taxes should in any way fall upon the widow’s share. He left the incidence of the tax burden, like all other deductions, to be governed by the operation of the pertinent provisions of the Decedent Estate Law. Between the date of making his will and the date of his death, section 18 was amended in respect of estate tax charges against the widow’s share. The amendment increased the widow’s minimum share by excluding all estate taxes from the computation except to the extent that her own prorata share of the tax burden might decrease her bequest. The change in the statute, however, made no change in the testator’s paramount intention and his overriding mandate that the trust of “one-half of [his] entire estate” was to take its definition and boundaries from the Decedent Estate Law insofar as it fixed the widow’s minimum share. The statute, as amended, reads: “In computing such net estate all estate taxes shall be disregarded, but nothing herein contained shall be construed as relieving such surviving spouse from contributing to all such taxes the amounts apportioned against him or her pursuant to the provisions of section one hundred twenty-four of this chapter.” This statute plainly prevents the testator from charging all taxes against his “entire estate” but it does not prevent equitable apportionment against the widow’s share. Beading the testator’s will as a whole, there can be little doubt of his intent to charge against the widow’s share such taxes as are equitably chargeable against it under section 124 of the Decedent Estate Law.
*1071 The sister’s trust will consist of all that is left of the residue after setting up the widow’s trust. In practical effect, this means that the burden of all of the general and specific legacies and of such estate taxes as would ordinarily be chargeable against the general and specific legacies, are borne by the sister’s trust, as well as its own prorata -share of estate taxes.
The court notes that article third of the will contains a general legacy of $2,500 to the widow. No suggestion is made for deducting this legacy from the widow’s trust. In view of the direction for giving the widow in trust ‘1 one-half of my entire estate ”, there is, in any event, no clear mandate in the will for deducting this legacy from her trust.
Submit decree construing the will accordingly.