In the Matter of the Estate of WILLIAM O. HARRIS, Deceased.

Surrogate's Court, Albany County, March 15, 1934.

*C. Bertrand Race*, for the widow, Christina G. Harris.

*Frank Pedlow*, special guardian of William Lewis and others.

*Robert R. Penn*, for Lillian L. Taylor and others, legatees and devisees.

*Randall J. Le Boeuf*, for Victoria C. Walker.

ROGAN, S. The question here presented for determination relates to the right of the widow to exercise the election provided by section 18 of the Decedent Estate Law which went into effect September 1, 1930.

The testator was a resident of the city of Albany, N. Y., at the

time of his death. His will was dated May 23, 1931. He died July 5, 1931, and his will was admitted to probate by this court on the 17th day of December, 1931. He left him surviving his widow, Christina G. Harris, no children nor descendants of children, no father or mother, but brothers and sisters and other collaterals. His estate consisted of personal property in this State and real estate in Connecticut and Virginia. All of his property was bequeathed and devised by the terms of his will. The widow is given by the will a life estate in a piece of property at No. 26 Vista street, Stamford, Conn. She also was bequeathed the sum of $1,000 by paragraph " second " of the will and money due from The Ministers and Missionaries Benefit Board of the Northern Baptist Convention and the proceeds of a mortgage on a piece of property in the city of Stamford, Conn. under the terms of paragraphs " twenty-fourth " and " twenty-sixth " of the will, respectively. The amount due, if any, from The Ministers and Missionaries Benefit Board, has not been shown nor has any proof been offered as to the value of the mortgage bequeathed to the widow under the terms of the will. The executor has listed it as a debt due the estate, in the sum of $1,490, and states that the mortgage will have to be foreclosed.

The executor testified that the will of decedent has been probated under the laws of the State of Connecticut and there is no question but what it has become effective.

The widow, not being satisfied with the provisions made for her, has elected to take her share of the estate as in intestacy and has duly filed her election under the provisions of section 18 of the Decedent Estate Law. The special guardian and the various legatees and devisees have filed objections to the account and contend that even if it be determined that the widow has a right of election, the value of the realty in Connecticut and Virginia may not be added to the net estate in New York to determine the amount which shall be decreed to pass to the widow out of any assets in this State. Other objections have been filed, but it has been stipulated and agreed that this question be determined first. I have been unable to find any authority in any of the courts of this State, nor has there been any case cited, dealing directly with the question involved.

So far as here material, section 18 of the Decedent Estate Law reads as follows:

" § 18. Election by surviving spouse against or in absence of testamentary provision. 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right

of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section.

" (a) In exercising the right of election herein granted a surviving spouse shall in no event be entitled to take more than one-half of the net estate of the decedent, after the deduction of debts, administration expenses and any estate tax, and the words ' intestate share ' wherever used in this section shall in no event be construed to mean more than one-half of such net estate."

The purpose of this amendment was set forth in Legislative Document (1930), No. 69, and contains an exhaustive discussion of the purpose of the new enactment here under consideration. Attention is drawn by the commission to the obligation of support of the wife resting upon the husband during life and of its abrupt termination upon his death and the power given the decedent husband of leaving his natural dependents destitute by an unjust or unnatural will.

The first thing we are called upon to determine is what is the meaning of the word " estate " as used in the statute. The general terms of the provision " a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy," are neither qualified nor explained by later parts of the statute. In legal parlance the word "estate" means the property of an individual. (21 C. J. 912.) It has been said to denote a man's whole financial status or connection, the aggregate of his interest and concerns, so far as regards his situation with reference to wealth and its objects, including debts and obligations, as well as possessions and rights. A man's estate is that which he can dispose of at his pleasure. (21 C. J. 914.) As ordinarily understood, the word " estate " includes every species of property possessed by an individual or which comes into possession of his representatives after the death of such an individual. There can be little doubt that in determining the testator's estate all his property, both real and personal and wherever situated, must be taken into consideration. (*Decker* v. *Vreeland*, 220 N. Y. 326, at p. 335.)

A revolution has occurred in the determination of certain rights of husbands and wives since 1929 in this State. Dower has been abolished. Real and personal property are treated together in determining intestate rights. It is entirely obvious that the legislation here under consideration was enacted to remedy a pressing evil which had been called to the attention of the Legislature by the commission appointed for that purpose. It is well settled that remedial statutes are to be construed with great liberality for the purpose of effecting the reforms envisaged. This principle is noted

by Blackstone (Vol. 1, p. 87), whose statements in this regard are quoted and applied in *American Historical Society* v. *Glenn* (248 N. Y. 445, at p. 451) as follows: " ' There are three points to be considered in the construction of all remedial statutes; the old law, the mischief, and the remedy: that is, how the common law stood at the making of the act; what the mischief was, for which the common law did not provide; and what remedy the parliament hath provided to cure this mischief. And it is the business of the judges so to construe the act as to suppress the mischief and advance the remedy.' "

*Archer* v. *Equitable Life Assurance Soc.* (218 N. Y. 18) contributes the following (at p. 25): " The section is remedial. It modifies rules of the common law. The law is, that in determining whether or not a statute abrogates or modifies a rule of the common law, the construction of the statute must be strict; when, however, a remedial statute does replace in whole or in part common-law rules, it must be given an application, liberal and, within its language, commensurate with its purpose."

The effect of the enactment here under consideration is to give a conditional right of testamentary disposition. In effect, it is that in the absence of a valid consent to the contrary by his spouse, a person leaving a surviving spouse may, subsequent to August 31, 1930, make testamentary direction respecting his temporal affairs, only to the extent of the property of which he dies seized and possessed, which would not pass to the surviving spouse if he died intestate, unless his composite disposition of his property complies with the conception of the Legislature as to what is an adequate provision for such spouse, depending upon his financial standing. In the estate now before us, the husband attempted to do the very thing which the commissioners declared in an explanatory note the testator should not be permitted to do, that is, to cut off his widow with a small and insufficient portion of his property. If it is now to be held that the meaning of the word " estate " as used in the statute, is to be limited strictly to property which happens to be in the State of New York, how easy it would be hereafter for husbands to move their properties into adjoining Commonwealths and then will it away with small consideration for the wife, whom, while he was living, he was required to support wherever his property or estate might be located during his lifetime.

Any person exercising the right of testamentary direction subsequent to September 1, 1930, is conclusively presumed to accept the conditions imposed by the Legislature. The statute is to be construed liberally in favor of the surviving spouse, and in this connection the intent or desire of the testator respecting its applica-

tion is of no more relevancy than in a case of excess gifts to charity, under section 17 of the Decedent Estate Law.

I hold, therefore, that the widow, under the provisions of subdivision (f) of section 18 of the Decedent Estate Law, has a limited right to elect to take the difference of the aggregate of the provisions under the will made in her favor (when such aggregate is properly proved) and the amount of the intestate share. For the purpose of arriving at what is the intestate share, the sums of $2,900 and $280, being the agreed values of the Connecticut and Virginia properties, respectively, should be added to the net total of the personal estate.

Enter decree accordingly.