In the Matter of the Estate of MARGARET GARLOCK, Deceased.

Surrogate's Court, Erie County, May 22, 1936.

*Jay T. Barnsdall, Jr.*, for Henry I. Garlock, executor.

*Falk, Phillips, Twelvetrees & Falk* [*Rhoda V. Lewis* of counsel], for the contestants.

*Harold L. Bodamer*, special guardian.

*James V. Walsh*, executor, in person.

HART, S. The deceased by the terms of her will specifically devised to her husband, Henry I. Garlock, three parcels of real property and bequeathed to him $1,000 to be paid from the sale of stock held by Joseph and Elizabeth Frank, named as trustees of this particular stock.

Mr. Garlock has duly filed a notice that he elects to take the share of the estate that he would be entitled to under section 18 of the Decedent Estate Law. He contends that he may disregard the provisions of the will in that he is not required to take the real estate devised to him and have the value charged against his share, but that it should be sold and out of the proceeds of the sale of real estate and the other assets of the estate, he should be paid one-half.

Paragraph (f) of subdivision 1 of section 18 of the Decedent Estate Law provides: " (f) Where the aggregate of the provisions under the will for the benefit of the surviving spouse including the principal of a trust, or a legacy or devise, or any other form of testamentary provision, is less than the intestate share, the surviving spouse shall have the *limited right to elect to take the difference* between such aggregate and the amount of the intestate share, *and the terms of the will shall otherwise remain effective.*"

The contestants and the special guardian maintain that the husband, by virtue of this section, must take the difference between the aggregate of the specific property left him under the will and the amount of the intestate share.

It appears to me that the language of paragraph (f) of subdivision 1 of section 18 is very plain when it states that the surviving spouse shall have the limited right to elect to take the difference between such aggregate and the amount of the intestate share, and the terms of the will shall otherwise remain effective.

This contrasts considerably from paragraph (c) of subdivision 1 of section 18, which provides:

" (c) Where the intestate share of the surviving spouse in the estate *does not exceed twenty-five hundred dollars*, the surviving spouse shall have such right to elect to take his or her intestate share *absolutely*, which shall be *in lieu of any provision for his or her benefit in the will.*"

This difference in the wording of the paragraphs adds strength to the contention of the contestants, and emphasizes the intention of the Legislature.

It is a well-known rule of law that the courts will strongly endeavor to carry out the intention of the testator in the disposition he makes of his estate by will. This must be considered in determining whether or not the provisions of the will shall be entirely disregarded through the election of a spouse, or whether the terms of the will will be carried out in so far as they can be, and at the same time the provisions of the law set forth in paragraph (f) of subdivision 1 of section 18 followed.

There seems to be little in the way of precedent to be found on this subject. *Matter of Harris* (150 Misc. 758) sheds some light on it.

It is my judgment that Henry I. Garlock must accept the real estate devised to him at a fair appraisal value as of the date of death of the testatrix, and also the gift of $1,000 to be paid out of the proceeds of the sale of stock held in trust, and so much additional as will equal his intestate share.