Charles H. Griffiths, S.
In this executor’s accounting proceeding the primary question involves the validity and effect of a right of election asserted by the surviving spouse under section 18 of the Decedent Estate Law. At the date of his death the only asset of the estate consisted of real property located in New Jersey.
The decedent died domiciled in Westchester County on March 8, 1951, survived by a widow and a son as his sole distributees. His will dated February 4, 1939, was admitted to probate by a decree of this court dated March 18,1952. The son of decedent, to whom letters testamentary were issued on March 18, 1952, had previously been appointed temporary administrator on June 21, 1951, and seeks a judicial settlement of his account as temporary administrator as well as executor.
The testator devised and bequeathed his entire estate in trust, the term of which is measured by the life of testator’s widow. One third of the net income of said trust was directed to be paid to the widow of testator and the balance of the net income to testator’s son. Upon the termination of the trust the principal was disposed of in favor of the son of testator. The provision in favor of testator’s widow was stated to be in lieu of dower and any and all rights in his estate.
*226 The only personal property owned by decedent at the time of his death consisted of clothing and miscellaneous personal effects valued at $100. This property must be set off to the widow as exempt property under section 200 of the Surrogate’s Court Act. (Matter of Sanchez, 58 N. Y. S. 2d 230.)
The executor contends that the right of election does not extend to real property outside the State of New York. It is further contended that in any event the law of the situs controls the disposition of real property precluding the satisfaction of the elective share from foreign realty and that there are no other estate assets from which satisfaction of any elective share may be exacted.
The authorities are not in accord as to whether real property situated outside the State of New York may be included in ascertaining the elective share. In Matter of Harris (150 Misc. 758) it was held that the right of election of a surviving spouse extended to real property wherever situated as well as personal property. To the same effect see, also, Matter of Wittner (82 N. Y. S. 2d 759, revd. on other grounds 301 N. Y. 461); Matter of Maguire (N. Y. L. J., Aug. 1, 1950, p. 167, col. 5 and Aug. 10, 1950, p. 223); Matter of Ryan (201 Misc. 632, mod. on other grounds 280 App. Div. 410). A contrary conclusion was reached in Matter of Vicedomini (195 Misc. 1057).
Under subdivision 1 of section 18 of the Decedent Estate Law a personal right is given the surviving spouse “to take his or her share of the estate as in intestacy” subject to the limitations, conditions and exceptions contained in that section. Under paragraph (e) of subdivision 1 of section 18 a limited right of election is given where the outright benefits payable to a surviving spouse amount to less than $2,500 and provision is made for a trust for his or her benefit for life of principal equal to or more than the excess between such legacy or devise and the intestate share. In such a case the surviving spouse is given the limited right to elect to take not more than $2,500 inclusive of the amount of such outright legacy or devise, and the statute provides that the difference between the outright testamentary benefits and the sum of $2,500 is deductible from the principal of the trust for the spouse and the terms of the will shall otherwise remain effective.
Subdivision 1 of section 18 of the Decedent Estate Law provides that a surviving spouse shall ‘ ‘ take his or her share of the estate as in intestacy ’ ’. Carried to its logical extreme this provision might be regarded as designed not only to fix the distributive share of the surviving spouse, but if read in con *227 nection with section 83 of the Decedent Estate Law, to limit the elective benefits to real property situated within the State of New York. The court, however, is of the opinion that the above-quoted provision as employed in section 18 of the Decedent Estate Law was merely designed to fix the distributive share of the surviving spouse, depending upon whether the decedent was or was not survived by children. The words ‘ ‘ intestate share 5 ’ by other provisions of the same section are uniformly referable to the net estate.
In Matter of Harris (150 Misc. 758, supra) the term “ estate ” was stated to include every species of property possessed by an individual or which comes into the possession of his representative after the death of such individual. In Decker v. Vreeland (220 N. Y. 326) the court held that in determining the testator’s estate “ all his property, both real and personal, and wheresoever situated, must be taken into consideration.” (See opinion of Crane, J., p. 335.) The court cited with approval Hollis v. Drew Theological Seminary (95 N. Y. 166, 178) Avhich held that a determination of one half of the estate was required to be computed by ascertaining the value of his whole estate which was to be treated as converted into money at his death in order to determine whether more than one half thereof had been given to charity in violation of section 17 of the Decedent Estate Law.
Decker v. Vreeland (supra) involved the validity of a gift to charity under section 17 of the Decedent Estate Law and the effect of a foreign will of testator’s property with respect to real estate situated in New York. The opinion noted that under section 47 of the Decedent Estate Law the validity of a testamentary disposition of real property situated within the State of New York was regulated by the laws of this State without regard to the residence of testator, while the disposition of all other property was regulated by the laws of the State of his residence at the time of his death. It was held that the value of the testator’s estate, no matter where situated, must first be ascertained, and that if the legal provisions for charity outside the State amounted to one half, or more than one half of the net estate the property in New York would go to the heirs of the estate and not be given to charity, but if such provisions for charity outside of New York were less than one half so much of the New York State property might go to the charitable devises as were required to equal 50%.
Under the provisions of the will the son of testator, who is named as both an executor and as a trustee, was empowered to *228 sell, mortgage or lease any real property owned by the testator at the time of his death. In his capacity as temporary administrator and later as executor, the son of testator has undertaken to manage the real property in New Jersey and to collect the rents therefrom. As appears from the account, the sum of $9,600 has been collected by the accountant as temporary administrator and sums totaling $15,050 have been collected by him in his capacity as executor. Both income and management commissions as well as attorney’s fees are requested to be paid from the rents so collected. Accordingly the executor has seen fit to treat as assets of the estate the rents so collected. To the extent of the rents so collected, which have been treated by both of the parties involved as assets of the estate, the court determines the surviving spouse has a limited right of election in the amount of $2,500.
The disposition of real property is controlled by the law of its situs. (Decedent Estate Law, § 47; Matter of Good, 304 N. Y. 110.) Where a devise is made of land situated in two or more States the courts of such States will respectively construe the will as to the real property situated in that jurisdiction. (Matter of Good, supra, p. 116 and cases cited.) The parties are accordingly remitted to a court of competent jurisdiction in the State of New Jersey for a determination of any issue as to their respective rights in such real property under the laws of New Jersey. Upon obtaining such determination this court will enforce the surviving spouse’s right of election as to any deficiency to the extent that the estate assets in New York are sufficient for that purpose.
The remaining objections are disposed of as follows: Objections numbered “First”, “Third”, “Fourth”, “Sixth”, “ Seventh ” and “Eighth” are overruled and dismissed. Objections numbered “ Second ” and “ Fifth ” are withdrawn. Objection numbered “ Ninth ” relating to the right of election is sustained to the extent above set forth. The objections relating to the award of management commissions are overruled and dismissed. (Surrogate’s Ct. Act, § 285, subd. 7; Matter of Brennan, 251 N. Y. 39; Matter of Kight, 167 Misc. 296; Matter of Smathers, N. Y. L. J., July 16, 1954, p. 7, col. 1.) Objection numbered “Tenth” relating to the disbursements made from income in order to reduce the principal amount of the mortgage indebtedness is overruled and dismissed. Although such amortization payments are not properly chargeable against income such payments have been deducted from the share of income payable to the son of testator and objectant’s share of income has not been thereby diminished. Objections *229 numbered “ 1 ” to “ 10 ” inclusive interposed with respect to the account of the temporary administrator are overruled and dismissed. The legal fee of the attorney executor is allowed in the amount of $1,250 plus disbursements in the amount of $92.40.