PIERCE, Judge
(dissenting).
The following was originally written as the majority opinion but upon the defection of one of my brethren it now becomes the dissenting opinion.
This is an appeal from an order with respect to assignment of dower entered by the Court of the County Judge for Pinellas County during the probate of a decedent’s estate.
Axel P. Johnson, while a resident and citizen of Pinellas County, Florida, died on August 28, 1967, leaving him surviving his wife, Pearl B. Johnson, three sons, and a daughter, all above age. On December 15, 1967, the eldest son, Warren A. Johnson, filed petition in the County Judge’s Court for Pinellas County to have probated the Will of his deceased father wherein Warren had been named and designated as executor. The Will, after making the usual *843 provisions for paying funeral expenses, taxes, expenses of the last illness, administration of the estate, etc., bequeathed and devised to his widow, Pearl B. Johnson, “her statutory share out of my estate to which she would be entitled had I died intestate under the laws of the State of my residence at the time of my death [Florida].” The rest of his estate he left equally to his four named children.
On December 27, 1967, the widow Pearl filed in the Probate Court her written election to take dower in the estate, and on July 2, 1968, she filed her petition requesting an assignment by the Court of her dower interest. She alleged such property to consist of two savings accounts, certain shares of stock in a corporation, proceeds of a life insurance policy which had been paid to the estate, an old Plymouth automobile, and two lots in Detroit, Wayne County, Michigan. There is no contest as to the personalty, but as to the realty in Michigan there is a contest between the four children and the widow.
It appears that on September 10, 1960, the decedent, while married to Pearl, conveyed the described Michigan property to his said four children (by a former marriage), expressly reserving a life estate therein to himself. It is also conceded that the conveyance was made without joinder of his then wife, Pearl, and without her knowledge or consent and that she received no benefit or consideration therefrom. By her election to take dower and her petition for assignment thereof, made during the course of the probate of her deceased husband’s estate, the widow contended that the value of the Michigan real estate should be taken into consideration by the Pinellas County Probate Court in the assignment to her of her dower right. This contention rests upon her assertion that the deed of conveyance aforesaid made by her husband did not carry with it a conveyance or transfer of her dower rights to such property and that her dower rights continued therein even after his death. The children, on the other hand, contended that the status of the vacant property should be determined according to the law of Michigan, which by § 558.21 of the Michigan Statutes provides that a non-resident wife is not entitled to dower in.lands conveyed by her husband during coverture. The widow contended that the status of the Michigan property should be determined by Florida law, which by F.S. § 731.34 F.S.A. provides inter alia that—
“ * * * dower shall be one third in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law * * ”
On November 20, 1969, the County Judge entered order holding that Pearl was “entitled to dower” in the estate and the executor was directed to pay to her one third of the total value of the assets consisting of personalty, but the order denied her any dower in the Michigan real estate. She appeals said order to this Court.
The widow concedes that the Florida Courts have no “jurisdiction over the extra territorial property” located in Michigan, but that her dower .rights therein should be computed upon a fair valuation of such property and that she be given the benefit thereof in the assignment of her dower rights locally. She emphasized the fact that at the time of the conveyance both she and -her then husband were residents of Florida and remained such until after his death. I would hold with the widow and reverse the order appealed from.
At common law, the widow was entitled only to a one third life estate in the real property owned by her husband at the time of his death. This has, however, been changed by statute in Florida, F.S. § 731.34 F.S.A., which provides for her dower in not only one third in fee simple of the real property owned by him at his death, but also such property “which he had before *844 conveyed, whereof she had not relinquished her right of dower”.
The Florida statutes in derogation of the common law must be given a strict construction. This view is bulwarked by consideration of Rule 5.250(a) of the Rules of Probate and Guardianship Procedure, which provides for the filing by the personal representative in the probate proceeding of a complete inventory of the personal property of the decedent “wheresoever situate” and also goes further and provides that “real property of such decedent * * * situated outside of this State shall be inventoried, if known * * *
The rights of the survivors of a decedent in real and personal property should in my opinion be determined as of the law of the domicile and where the domicile of both the decedent and his surviving spouse is in Florida the law of that forum should govern in determination of her dower. There is no question but that her dower right attached in the Michigan property at the time he acquired the property or at the time they married, whichever was later, and it would be contrary to law and good conscience to hold that the husband could, without her knowledge and merely by affixing his signature to a document, divest his wife of her distinct interest in that property which she had aready acquired as a matter of law.
The point is of first impression in Florida but other States support my view. See In re: Harris’ Estate (1934), 150 Misc. 758, 271 N.Y.S. 464; In re: Ellis Estate (1950), 30 Misc.2d 225, 139 N.Y.S.2d 640; Wittner’s Estate (1948), Sur., 82 N.Y.S.2d 759; Matter of Dwyer, 159 Cal. 680, 115 P. 242; Paschall v. Acklin, 27 Tex. 173; Bish v. Bish (1943), 181 Md. 621, 31 A.2d 348.
The order appealed from, insofar as it denies the appellant widow’s right to dowry in the Michigan property, should be reversed, and the remainder of said order affirmed.