### In the Matter of the Estate of SAMUEL ALTMAN, Deceased.

Surrogate's Court, New York County, June 25, 1936.

*Charles Berlin,* for the petitioner.

*William Roth,* attorney and nominated executor.

*Leo B. Lebovitz,* for Irving and Benjamin Altman.

*Englander & Englander,* for the residuary legatee.

DELEHANTY, S. The widow of deceased, now seventy-three years of age, seeks in this proceeding to have determined her right now to file an election to take against the will of deceased. The will is dated June 15, 1934. The codicil thereto is dated July 16, 1935. Objections to probate have been filed, a jury trial has been demanded, and in accordance with the usual practice of the court the probate cannot be completed for several months.

Petitioner in May, 1936, offered for filing a paper which is in form an election to take against the will. Its receipt was refused and the application here is for an order directing the filing of the tendered paper. The motion is granted.

The Commission to Investigate Defects in the Law of Estates made various reports to the Legislature recommending liberalization of the inheritance laws of this State so as to protect the rights of surviving spouses. Chief among these provisions was the new section 18 of the Decedent Estate Law which was prepared by the Commission and which was passed by the Legislature substantially in the form suggested by the Commission. By subdivision 7 of section 18 of the Decedent Estate Law the limit upon the time to file an election was fixed as six months after the date of issuance of letters testamentary. Obviously no letters testamentary have been issued and the question is presented whether the right of election may be exercised prior to actual probate.

The court holds that such right may be exercised. The statute is remedial. It should have that interpretation which gives the broadest possible protection to the surviving spouse. The notice filed with the person named as executor and a like notice filed with the clerk of the court suffices, whenever filed, if not later than the date fixed in the statute, to give to all the interested parties notice of the claim of the surviving spouse. The spouse in this

case is not interested at all in the contest. Her rights should not be dependent upon the course of the litigation. She is here seeking to exercise a personal right which the statute gives to her. The spirit of the statute requires the holding that nothing in its letter forbids the filing by a surviving spouse of her notice of election antecedent actual probate.

The nominated executor asks instructions of the court as to what he should do with the paper served upon him. He is instructed to keep it among the papers of the estate. If the will is valid he is and from the instant of death was the executor. If the will is valid the service upon him is a service upon the executor. If the will is denied probate then the whole effort of the surviving spouse becomes a futility.

Submit, on notice, order granting this application.