In the Matter of JENNIE NAVASKY, as Executrix of NATHAN WILLNER, Deceased, to Compel the Accounting of BORIS J. FRIEDKISS, as Executor of LIZZIE BIRNBAUM, Deceased.

Surrogate's Court, Kings County, January 5, 1950.

*Richard M. Monfried* and *Emanuel L. Kayman* for Jennie Navasky, as executrix of Nathan Willner, deceased, petitioner.

*Jacob I. Polstein* for Boris J. Friedkiss, as executor of Lizzie Birnbaum, deceased, respondent.

McGAREY, S. This application by the executrix of the estate of testatrix' spouse, who survived her, to compel the executor herein to account is opposed on the ground the spouse had no interest in the estate.

Testatrix died in 1941, and her will, which made no provision for her surviving spouse, was not admitted to probate until March 16, 1948. The sole question is whether testatrix' spouse validly exercised his right to elect to take against her will.

On August 26, 1941, testatrix' spouse served upon the attorney for the nominated executor and filed in this court objections in the probate proceeding duly verified by him raising the usual issues. The objections, in addition, asserted his right to take against the will as the surviving spouse. He died on September 25, 1942, before the objections were brought for trial and the petitioner herein duly qualified as executrix under his will. On September 21, 1948, there was recorded in this court the original of the objections to probate, together with an affidavit alleging personal service thereof on June 4, 1942, on the nominated executor in the will, who qualified as such later, on March 18, 1948. Also recorded on the same date

was the original of this petitioner's notice adopting the objections filed by her testate, which had been filed November 26, 1947, and an affidavit alleging personal service thereof on the proponent and executor on September 15, 1948.

The executor herein denies service upon him at any time of any notice of election, except as part of the papers served on him on September 15, 1948. He asserts as a defense to this proceeding, aside from the question of such service, that, in any event the purported notice was not proper in form and was not recorded within the time prescribed by statute or within the lifetime of testatrix' spouse.

The provisions of section 18 of the Decedent Estate Law, dealing with the right of election of a surviving spouse, are to be liberally construed (L. 1929, ch. 229, § 20; *Matter of Martin,* 244 App. Div. 647, 649) in order to give the surviving spouse the broadest possible protection (*Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732; *Matter of Martin, supra*) to the end such rights be not evaded or frustrated (*Matter of Jackson,* 176 Misc. 1020).

The court determines that the notice of election set forth in the now deceased spouse's objections filed to the probate of the testatrix' will was sufficient in form to apprise the nominated executor of his decision to take his intestate share in the estate as provided in the statute. Subdivision 7 of section 18, prescribes no particular form for such notice, except that it be in writing. Had the Legislature intended that it contain any particular recitals or that it should be subscribed and acknowledged by the elector, it would so have provided. In contrast, a waiver of a spouse to take against a will is required to be acknowledged by subdivision 9. The notice is, therefore, sufficient in form under the statute.

Personal service of the notice is required to be made on the executor or other representative of the estate and service on the nominated executor prior to probate has been held sufficient to satisfy the requirements of the statute. (*Matter of Martin, supra*; *Matter of Altman,* 160 Misc. 812.) Service of the notice on the nominated executor has been alleged and denied and that issue must necessarily be set for hearing.

Contention has also been raised that the failure to record the notice of election, during the lifetime of the spouse, has deprived him of his right to take against the will, on the ground that the right is personal to the spouse and service and recording must be accomplished during the life of such spouse. The

recording of such notice was intended to apprise those who might deal with the beneficiaries of an estate, of an outstanding claim and for no other purpose.  It is not claimed here that any innocent party has been misled by the failure to record the notice within the time prescribed by statute.  In any event, the court has the power under the circumstances where it appears that no persons will be prejudiced thereby, to permit the recording of an instrument *nunc pro tunc* and it will do so, if it finds that service of the notice was made during the lifetime of the spouse.  (Surrogate's Ct. Act, § 20, subd. 6; Civ. Prac. Act, § 105; *Stuyvesant* v. *Weil,* 167 N. Y. 421, 426; *Air Conditioning Training Corp.* v. *Pirrote,* 270 App. Div. 391; *Kornfeld* v. *Hurwitz,* 178 Misc. 216; *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397, 402; *Valz* v. *Sheepshead Bay Bungalow Corp.,* 249 N. Y. 122; *Lambert* v. *Lambert,* 270 N. Y. 422; *Winter* v. *Winter,* 256 N. Y. 113; *Matter of Barnes,* 149 Misc. 149, 152.)

The matter will be placed on the calendar for hearing of all issues on January 30, 1950.

Proceed accordingly.