In the Matter of JENNIE NAVASKY, as Executrix of NATHAN WILLNER, Deceased, to Compel the Accounting of BORIS J. FRIEDKISS, as Executor of LIZZIE BIRNBAUM, Deceased.

Surrogate's Court, Kings County, May 22, 1950.

*Richard M. Monfried* and *Emanuel L. Kayman* for Jennie Navasky, as executrix of Nathan Willner, deceased, petitioner.

*Jacob I. Polstein* for Boris J. Friedkiss, as executor of Lizzie Birnbaum, deceased, respondent.

McGAREY, S. On the proof taken pursuant to the prior decision rendered herein the court finds that the notice of election of the testatrix' husband was personally served on the nominated executor on June 4, 1942, and retained by him. It appearing that no one will be prejudiced thereby, the filing and recording of the proof of service of the notice and the recording of the notice will be deemed to have been effected *nunc pro tunc* within the six months' period prescribed by section 18 of Decedent Estate Law, and the court holds that testatrix' husband validly exercised his right of election (*Matter of Birnbaum,* 199 Misc. 28, and cases cited; see, also, *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397, 402; *Forsyth* v. *City of Oswego,* 191 N. Y. 441, 444, and *Walden* v. *City of Jamestown,* 178 N. Y. 213, 216-217.)

On the issue of abandonment or failure to provide for the testatrix the court finds that the executor has failed to sustain the burden of proof imposed upon him. (*Matter of Weinburg,* 75 N. Y. S. 2d 138; *Matter of Campbell,* 186 Misc. 842; see, also, *Punsky* v. *City of New York,* 129 App. Div. 558, 559; *Matter of Seifried,* 130 Misc. 229, 233; *Dodge* v. *Dodge,* 64 N. Y. S. 2d 264, affd. 270 App. Div. 1025.)

It follows that the petitioner is entitled to an accounting. The executor is directed to file his account, together with a petition for its judicial settlement, within thirty days after the service on him of a certified copy of the order to be entered herein, and to prosecute such proceeding without undue delay.

Submit order on notice accordingly.