Maximilian Moss, S.
This is an application by decedent’s widow for an order designating the nominated executor as the proper person to receive service of the notice of election, and directing that said notice of election with proof of service be filed nunc pro tunc with the Clerk of this court.
Decedent died on June 29, 1959. A petition offering will for probate was filed on July 29, 1959 by the nominated executor. Decedent left him surviving his widow, nephews, nieces, grandnephews and grandnieces. The will makes no provision for the widow. A nephew of decedent has filed objection to probate which may delay the proceedings. On the 28th day of July, 1959, the widow caused an executed and acknowledged notice of election to take her intestate share, pursuant to subdivision 7 of section 18 of the Decedent Estate Law to be served upon the nominated executor, respondent herein.
Respondent opposes the application upon the ground that an aggrieved spouse must file her notice of election within six months from the issuance of letters testamentary or appointment of a fiduciary. Respondent further contends that after probate, legatees will be known who may wish to take proper proceedings to ascertain the status of the surviving spouse in respect of a possible abandonment by an examination before trial, and that such right to examine before trial should not be lightly destroyed.
The issue of abandonment is not before the court at this time and will not now be considered. The right to serve and file a notice of election pursuant to statute is personal to the surviving spouse. The statute is remedial and should be given a liberal interpretation so as to afford the protection to the surviving spouse intended by the Legislature (Matter of Altman, 160 Misc. 812). The widow is in delicate health and of advanced age. A protracted delay in the issuance of letters testamentary and the appointment of a fiduciary may result in a complete denial of her personal right to elect to take against the will, unless the widow is allowed to serve and file her notice of election prior to probate *1084 (Matter of Carll, 201 Misc. 829; Matter of Thornstrom, 95 N. Y. S. 2d 42).
The court holds that a notice of election under section 18 of the Decedent Estate Law may be served upon the nominated fiduciary prior to probate of a propounded instrument (Matter of Altman, supra; Matter of Picone, 199 Misc. 1039, affd. 279 App. Div. 787; Matter of Birnbaum, 199 Misc. 31). The notice of election heretofore served in behalf of decedent’s widow upon the person nominated in the will as executor is in substantial compliance with the requirements of subdivision 7 of section 18 of the Decedent Estate Law. A copy of said notice of election may be filed and recorded in this court nunc pro tunc (Matter of Birnbaum, 199 Misc. 28, 31 and cases therein cited).
Settle order on notice.