In the Matter of the Estate of FRED H. HARRIS, Deceased.

Supreme Court, Special Term, Fulton County, June 29, 1962.

*Haviland & Haviland* (*Roger B. Haviland* of counsel), for petitioner. *Schlusberg & Schlusberg* (*H. Andrew Schlusberg* of counsel), for respondent.

FELIX J. AULISI, J. In this proceeding the petitioner Marion H. Brown, as executrix of the last will and testament of Fred H. Harris, deceased, seeks to have an order of this court granted on February 9, 1962, vacated and set aside.

The decedent died on August 28, 1961, leaving a will dated May 23, 1961, which was duly admitted to probate in the Surrogate's Court of Fulton County on November 15, 1961. He left surviving his widow, Ethel C. Harris, who was a patient at the Utica State Hospital where she had been since January 19, 1961, and where she died on February 1, 1962. No provision whatsoever was made for the widow in said will. In fact she was not even mentioned in it. On October 3, 1961, the widow was adjudged an incompetent by an order of the Supreme Court and her son, Richard W. Miller, was appointed committee of her person and estate. The committee, on November 15, 1961, the

same day that the decedent's will was probated, caused a notice of election provided by section 18 of Decedent Estate Law to be served on the representative of the decedent's estate, and also filed and recorded said notice in the Surrogate's Court of said county. No order of the Supreme Court as contemplated by subdivision 6 of section 18 of said law was obtained by the committee prior to the service, filing and recording of said notice of election, but on February 9, 1962, an order was made by this court which reads in part as follows:

" Ordered that the application of Richard W. Miller, petitioner, as committee of said Ethel C. Harris, be and the same hereby is in all respects granted; and it is further

" Ordered that this order be dated and entered as of November 15, 1961, and it shall take effect as of that date, and the clerk of this court is directed to act accordingly; and it is further

" Ordered that the notice of election to take pursuant to Section 18 of the Decedent Estate Law dated November 15, 1961 and mailed to the Clerk of the Surrogate's Court on November 16, 1961 and personal service of the said notice of election having been made upon Marion H. Brown on November 15, 1961, be deemed to have been made on November 15, 1961, pursuant to authority granted by this court ".

The petitioner urges that this court was without jurisdiction to grant the February 9, 1962, order and I am satisfied that the question presents a unique problem. Although there are many cases which have construed section 18 of the Decedent Estate Law we have failed to find one where the facts are similar to the one at bar.

Section 18 insofar as it is pertinent here reads as follows: " Where a testator dies after August thirty-first, nineteen hundred and thirty and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section. * * * The election as herein provided * * * may be made in behalf of an incompetent when authorized by the supreme court * * * and must be made within six months from the date of the issuance of letters testamentary * * * and shall be made by serving written notice of such election upon the representative of the estate personally * * * and by filing and recording a copy of such notice with proof of service in the surrogate's court where such will was probated."

From the facts stated above, it will be seen that the committee followed the statute in all the important factors, namely, the

service of the written notice of such election upon the representative of the estate personally, and the filing and recording of a copy of such notice with proof of service in the Surrogate's Court where the will was probated. There remained only the obtaining of the order authorizing the committee to elect. The petitioner contends that failure to obtain said order prior to the death of the incompetent is fatal. I do not agree.

The purpose of the statute is to prevent disinheritance. It is remedial in nature and provides against unjust provisions cutting off the widow from her share of the estate. It is necessary therefore, that we must be liberal in our interpretation in the interest of the surviving spouse. The Supreme Court has broad powers. In the furtherance of justice it may amend any process, pleading or proceeding and through its general jurisdiction over fiduciaries and its function of guardianship of incompetents, may, in a proper case, direct the committee to act in behalf of the incompetent in accordance with what the court finds would, in all probability, have been the choice of the incompetent if she had been of sound mind (*Matter of Collins,* 156 Misc. 783; *Mishkind-Feinberg Realty Co.* v. *Sidorsky,* 189 N. Y. 402; *Matter of Hills,* 264 N. Y. 349).

It is not always easy to distinguish between directing the performance of an act already done and supplying retroactively a missing jurisdictional requirement, and as Judge LEHMAN said in *Valz* v. *Sheepshead Bay Bungalow Corp.* (249 N. Y. 122, 134): '' No rule or measure has ever been devised by which we may determine in every case, with definite certainty, whether a defect is jurisdictional or is a mere irregularity which may be disregarded or amended ''.

In my opinion it is within the power of this court to correct the failure of the committee to obtain the order. The omission was a procedural error and a mere irregularity. The facts on which the court's order was based were in existence prior to the death of the incompetent. The notice of election had been served, filed and recorded. True it is that the right of election is a personal right which the widow, if competent, must exercise personally, and that the right lapses if she dies before she exercises it. We must keep in mind, however, that where she is incompetent her right of election must necessarily be exercised by someone on her behalf. I am satisfied that there was a substantial compliance with the statute and the interested parties having had notice cannot claim to be prejudiced.

Although not compelled to do so, and it is not my intention to criticize the representative or the beneficiaries of the decedent's estate, the fact is that they could have tested the validity

of the notice of election in the Surrogate's Court of Fulton County (Surrogate's Ct. Act, § 145-a). It was not until five days after the incompetent died that the first inquiry about the court order was made.

Again, although not controlling here, it is significant to note that on October 8, 1947, Mr. and Mrs. Harris entered into antenuptial agreement wherein Mr. Harris waived all claims in her estate. There is nothing, however, in said agreement about any intention on the part of Mrs. Harris to waive her rights in his estate.

A distinguished Surrogate of our State, Judge GEORGE A. WINGATE, in *Matter of Avchin* (158 Misc. 388) said: " Here the primary duty to care for the welfare of the incompetent was that of the court itself. The committee, as its ministerial agent, performed an act which, while unauthorized at the moment, was obviously beneficial to the ward and was subsequently recognized as such and formally ratified by the court. There was nothing in the act which was in the least jurisdictional, since, under the theory adopted by the appellate courts, the entire transaction was at all times within the scope of the authority of the Supreme Court. It must, therefore, be determined that the ratification of the act of the committee, *nunc pro tunc*, placed the entire matter in the same position as if the authorization had been obtained prior to the service and filing of the notice of election ". Finally it is my belief that the committee had the power to apply for said order after the incompetent's death for the reason that this was not the exercising of a new power prohibited by section 1383 of the Civil Practice Act, but rather it was the seeking of the approval of an act done by the committee prior to the death of the incompetent and at a time when the committee had not yet filed its account and was not discharged by the court.

Under the circumstances in this case, it is my opinion that the interests of justice will be best served by a denial of the petitioner's application.