OPINION OF THE COURT
John D. Bennett, J.
This is an application by the surviving spouse as administratrix of her husband’s estate for an order nunc pro tune awarding letters of administration to her as of November 7, 1977, the day her petition was filed, rather than December 9, 1977, by which time the Statute of Limitations for wrongful death had expired.
William Garrick died on November 11, 1975 survived by Clara Garrick, the petitioner, and four minor children of their marriage. Also surviving is Judian Smith, a child of a former marriage.
On October 17, 1977 Clara commenced an action for personal injuries and wrongful death against the defendant hospital and physician by service of a summons with notice, the caption of which referred to her as "the proposed” administratrix. As the result of a series of motions and cross motions at Special Term, the plaintiff’s motion to amend the title of her action to reflect the fact that she had subsequently been appointed administratrix by this court on December 9, 1977 was denied,* and defendant’s motions to dismiss the complaint because the plaintiff lacked capacity to bring an action for wrongful death (see EPTL 5-4.1) was granted.
On July 28, 1978 the petitioner filed a new summons and complaint in which she was designated as administratrix of the estate of William E. Garrick. The defendants moved to dismiss the complaint on the grounds that the two-year Statute of Limitations set forth in EPTL 5-4.1 had expired. The motion was denied by Special Term but thereafter modified by the Appellate Division which granted the motion to the extent of dismissing the cause of action for wrongful death but *647 permitting the personal injury cause of action to stand (Carrick v Central Gen. Hosp., 71 AD2d 226).
By petition dated September 7, 1977 (but not filed with this court until November 7, 1977), the administratrix requested that letters issue to her. The file indicates that she was requested to serve a notice under SCPA 1005 (subd 1) of the pendency of her application for letters upon Judian Smith, the adult child of the decedent, whose address she claims she did not ascertain until several weeks later. It is claimed that the delay resulting from this request for compliance with SCPA 1005 (subd 1) was the proximate cause of the running of the Statute of Limitations and the loss of the cause of action for wrongful death.
While it is true that the notice under SCPA 1005 (subd 1) is purely informatory and nonjurisdictional, nevertheless the statute provides that "[b]efore making a decree granting letters of administration on any application therefor the court may require the petitioner” to serve the requisite notice. The predicate used, "may require”, when used in the Surrogate’s Court Procedure Act means in the discretion of the court (SCPA 103, subd 35). Although requiring the notice was therefore purely discretionary, nevertheless compliance with the section is routinely directed. Moreover, SCPA 1005 (subd 1) changed the procedure used under the former section 121-a of the Surrogate’s Court Act from permitting the notice to be served following the decree to requiring the notice to be served before the decree in order to insure compliance.
The administratrix complains that because her petition for letters contained the date of her husband’s death on November 11,1975, the court should have realized that her action for wrongful death would soon expire unless letters were immediately issued to her. However, other than what might be deduced from piecing together fragmented facts in the petition and requiring unusual clairvoyance of court personnel, there is no indication in the file of an emergency situation requiring immediate action.
The purpose of an order nunc pro tune is to correct irregularities in a judicial mandate so that where a ruling has in fact been made but is improperly evidenced by a defective mandate, the error can be corrected (49 NY Jur, Records and Recording Acts, § 16). However, while a court may correct an order to record an existing fact, it cannot record a fact as of a prior date when it did not exist (Richardson v Butler, 29 Misc *648 2d 559). Thus, no order of the Surrogate’s Court can effectively declare that an individual was the administratrix of an estate when she was not (Smith v New York Cent. R. R. Co., 183 App Div 478).
In any event it would appear that the letters of administration would have to be predated before commencement of the first action on October 17, 1977 to give life to that complaint rather than merely to November 7, 1977 as requested by the administratrix.
In some jurisdictions it has been held that when an individual institutes a wrongful death action prior to the expiration of the Statute of Limitations under the mistaken belief that letters of administration have been issued to him, but thereafter discovers the error and procures the letters, the appointment relates back to the commencement of the action (Graves v Welborn, 260 NC 688; see, also, Castle v Lockwood-MacDonald Hosp., 40 Mich App 597). However, the application of this relation back doctrine has been specifically rejected in New York (Smith v New York Cent. R. R. Co., supra, at p 480). In addition to which there is no claim by the petitioner that she reasonably believed herself to be the fiduciary of her husband’s estate in October, 1977. Accordingly, the application for an order nunc pro tune awarding letters of administration to Clara Garrick as of November 7, 1977 is denied.

 While CPLR 203 (subd [e]) permits amended claims to be deemed interposed as of the time of the original pleading, commencement of a wrongful death action by one other than a personal representative is a nullity and there is consequently no preexisting action to which the amendment can "relate back” (Goldberg v Camp Mikan-Recro, 42 NY2d 1029).