OPINION OF THE COURT
C. Raymond Radigan, J.
In this proceeding the administratrix of the estate seeks an order authorizing her to amend her application for letters of administration to include a recital of the existence of a nonmarital child of the decedent and to prosecute a wrongful death action on behalf of the nonmarital child as well as other distributees.
On July 5, 1972 limited letters of administration were issued to the decedent’s spouse, Mattie Johnson. In the petition for letters of administration she lists herself and three children of the decedent as distributees. In an affidavit in support of the instant application the administratrix states that at the time of her application for letters of administration she did not know of the existence of a fourth child, Victor, and that an order of filiation was entered in some court (unspecified) on January 15, 1970.
*101 Following receipt of letters, the administratrix instituted a wrongful death proceeding in the Supreme Court, Nassau County, and subsequently reached a settlement agreement with some of the defendants, the action continuing as to the other defendants. A decree was entered in this court on June 7, 1974 authorizing the fiduciary to compromise and settle the action against some of the defendants for $89,000. The administratrix states that following the entry of the decree, the existence of Victor was discovered and that she then entered into further negotiations with the defendants she had settled with and arrived at an additional settlement in the amount of $10,000 for Victor.
Apparently one or more of the defendants against whom the action subsequently continued, brought on an application in the Supreme Court, Nassau County, to dismiss the proceeding on the grounds that Victor was not represented, although a necessary party to the proceeding. By decision dated January 18,1982 the application was denied and the administratrix was directed to petition this court for leave to amend her letters of administration and to prosecute the wrongful death action on behalf of Victor. The wrongful death action was stayed pending a determination by this court.
The fact that the surviving spouse’s letters of administration did not include Victor as a distributee, has no effect on her authority to continue the wrongful death action in the Supreme Court. The personal representative of a decedent’s estate has the exclusive right to institute an action for wrongful death of a decedent (EPTL 5-4.1). The fiduciary is merely a trustee on behalf of the distributees (Stolz v New York Cent. R. R. Co., 7 NY2d 269, mot for rearg den 7 NY2d 995; Winbush v City of Mount Vernon, 306 NY 327). His authority is derived from the existence of a surviving distributee who would be entitled to share in the wrongful death recovery. Thus it has been held that a complaint in a wrongful death action need only allege the existence of the beneficiaries without naming each of them (Dowly v State of New York, 190 Misc 16). Similarly, the failure to include one distributee in a petition for letters of administration *102 would not be critical where other distributees exist and limited letters are issued on that basis.
The application of the administratrix is granted and the petition for letters of administration will be amended, nunc pro tunc, to set forth the existence of an additional distributee. The court is cognizant of the rule which prohibits the use of an order, nun pro tunc, to cure a jurisdictional defect (Stock v Mann, 255 NY 100) or to record a fact which did not exist at the time that the original record was made (Matter of Carrick, 103 Misc 2d 645; Richardson v Butler, 29 Misc 2d 559).
In the present case, the failure to serve a citation upon Victor or his guardian in the proceeding to obtain letters of administration was not a jurisdictional defect. The surviving spouse had a prior right to receive letters (SCPA 1001) and therefore citation need not have issued to the decedent’s children (SCPA 1003). Moreover, the petition will now include a fact which existed at the time that the application was made, i.e., the existence of a person claiming to be a distributee.
In addition, the fact that the petition contained an error would not automatically terminate the authority of the administratrix to prosecute the wrongful death action (Stolz v New York Cent. R. R. Co., supra). Her authority continues until the letters of administration are revoked or her powers are otherwise limited by the court.
With respect to the contention that there is a conflict of interest, it is obvious that in all cases in which the fiduciary is one of several distributees, the fiduciary will stand in an adverse position to the others. To that extent, the relationship of the distributees in the present case is not unique. However, in this case as well as others, the fiduciary has an interest in common with the other distributees in that they all seek to recover as much as possible in their cause of action and the fiduciary is charged with that responsibility. There is therefore no basis for the appointment of a special administrator to represent Victor. Victor will be independently represented by a court-appointed guardian ad litem when and if a proceeding is commenced in this court to approve a settlement and provide for allocation and distribution.
*103 The application of the administratrix to amend her petition for letters of administration to include the existence of an additional distributee is granted. The authority of the administratrix to prosecute the wrongful death action pending in the Supreme Court, on behalf of the decedent’s distributees, is confirmed and continues unaffected by this amendment.