OPINION OF THE COURT
Eugene E. Peckham, S.
This is a petition by Richard Gillette, a disabled person, for the establishment of a supplemental needs trust (SNT) for his benefit pursuant to EPTL 7-1.12. New York and federal law both permit the establishment of:
“[A] trust containing the assets of such a disabled individual which was established for the benefit of the disabled individual while such individual was under sixty-five years of age by a parent, grandparent, legal guardian, or court of competent jurisdiction, if upon the death of such individual the state will receive all amounts remaining in the trust up to the total value of all medical assistance paid on behalf of such individual” (Social Services Law § 366 [2] [b] [2] [iii] [A]; 42 USC § 1396p [d] [4] [A]).
Mr. Gillette alleges in his petition that his parents and grandparents are deceased and that, despite his disability, he does not need a guardian. He also alleges that he receives Social Security Disability (SSD), Supplemental Security Income (SSI), and Medicaid payments. Thus he requests the court to establish the trust.
Originally a trust was created on November 26, 2002 by Kathryn Grant Madigan, Esq., acting pursuant to a power of *90 attorney from Mr. Gillette. It is hornbook law that a power of attorney is an agent for the principal and thus the act of Ms. Madigan in creating the trust was really the act of Mr. Gillette as principal. The trustee was Albert B. Kukol, Esq. and the trust was funded with the proceeds of a retroactive award from the Social Security Administration. Under New York law a trust is created when four requirements have been met. The trust has a beneficiary, a trustee, a trust res and there has been delivery of the res. (3 Warren’s Heaton, Surrogates’ Courts § 46.01 [1] [a].) The SNT for Mr. Gillette was established on or about November 26, 2002 when all of these required elements were completed.
When the Social Security Administration was advised of the trust, it advised by letter on December 19, 2002 that the trust was a “countable resource that disqualifies Richard Gillette for SSI” because the trust was not set up by a “parent, grandparent, legal guardian or court order.”
In his petition, Mr. Gillette requested the court to establish the trust nunc pro tunc. Both the Broome County Department of Social Services and the Social Security Administration filed admissions of service in this proceeding and both failed to appear on the return day. Ordinarily, a court can enter an order nunc pro tunc when “no [persons] will be prejudiced thereby.” (Matter of Birnbaum, 199 Misc 31, 32 [Sur Ct, Kings County 1950], appeal dismissed 1 AD2d 838 [2d Dept 1956]; Matter of Harris, 35 Misc 2d 443 [Sur Ct, Fulton County 1962]; Siegel, NY Prac § 420, at 684.)
In this case a nunc pro tunc order to November 26, 2002 would cause the Social Security Administration to be required to pay SSI retroactively despite its letter cutting off SSI on December 19, 2002. The time to request a hearing on the cut off of SSI expired after 60 days and thus the order became final on or about February 19, 2002. (20 CFR 404.933.) Clearly it would be prejudicial to Social Security to require it to pay SSI retroactively.
Furthermore, since the trust was really created by Mr. Gillette acting through his agent on November 26, 2002, the court cannot now establish the trust. It had already been established by Mr. Gillette when the trust was signed by him and the trustee and funded, thus completing the acts necessary to create a trust. The court cannot by an order nunc pro tunc correct an act done which was improper when done. (Mohrmann v Kob, 291 NY 181 [1943]; Matter of Carrick, 103 Misc 2d 645 [Sur Ct, Nassau County 1980].) In Mohrmann, a divorce decree *91 nunc pro tunc back to 1916 was sought in 1941 on the basis of a separation agreement entered into in 1916. The Court of Appeals said (at 186) “an order nunc pro tunc may not serve to record a fact, such as a divorce, as of a prior date when the fact did then exist.” In the present case, an order cannot be entered nunc pro tunc that the court established the Gillette SNT on November 26, 2002 when in fact the court did not establish the trust on that date.
By letter dated February 24, 2003, counsel for Mr. Gillette has now submitted a new unsigned SNT together with a proposed “Order Establishing a Supp’emental Needs Trust.” The court will treat this as an amendment to the petition requesting the court to establish the new trust. The new trust recites that the grantor is Richard Gillette “pursuant to an order of the Surrogate’s Court, County of Broome.” This is the exact method recommended by Judge KasoiFs treatise for an individual who has no parent or grandparent and thus requires a court order to establish the trust. (KasofF and Robert, Elder Law and Guardianship in New York § 8.90, at 8-47.)
As set forth above, the law requires that an SNT for a disabled person under 65 be established by “a parent, grandparent, legal guardian or court.” However, there is no logical reason that the disabled person cannot be the grantor and petition the court to establish the trust, as long as the trust has not been signed by the trustee and funded before submission to the court. If all the requirements to create a trust have not been completed, the trust is not established. Even though the grantor is the disabled person, the court can entertain the petition and establish the trust by court order, so long as the creation of the trust has not been completed before the petition is submitted to the court. In this way, the expense of a guardianship proceeding can be avoided for a person who is disabled, but not otherwise in need of a guardian.
The court has reviewed the newly proposed Richard Gillette supplemental needs trust agreement submitted with counsel’s letter of February 24, 2003. The trust agreement meets the requirements of EPTL 7-1.12 and Social Services Law § 366 (2) (b) (2) and is therefore approved and established by the court.