OPINION OF THE COURT
Lucindo Suarez, J.
The issue in this guardian’s application for judicial authority to exercise the right to an elective share in the estate of the incapacitated person’s deceased spouse is whether such application is moot where the guardian has filed with the executors the requisite notice of election, but before determination on the submitted order to show cause for judicial approval, at the direction of the Surrogate’s Court, the incapacitated person dies. This court holds that the death of the incapacitated person terminates the guardian’s authority to exercise the right to an elective share in the estate of the incapacitated person’s deceased spouse.
This court determined Helen Oringer to be an incapacitated person and appointed her husband, Dr. Maurice Oringer, the guardian of her person and property, by order and judgment dated March 9, 2004. Joan Matofsky was appointed as standby guardian.
On November 7, 2004, Maurice Oringer died and Joan Matofsky qualified as successor guardian. On January 31, 2005, the guardian received a citation and a copy of Maurice Oringer’s will which was sought to be admitted to probate in the Surrogate’s Court. On February 16, 2005, the guardian, on behalf of her incapacitated ward, filed the requisite notice of election with the executors. Her attempt to file the notice of election with the Surrogate’s Court was unsuccessful as the Surrogate refused to file and record it without an order of the Supreme Court authorizing the guardian to exercise this right. Thereafter the guardian, by order to show cause, applied to the guardianship court for authority to exercise the right to an elective share in the estate of the incapacitated person’s deceased spouse, by submitting her papers in the appropriate clerk’s office for review as to form and ultimate presentation to an assigned justice. Unbeknownst to this court the incapacitated person died on February 17, 2005, one day before the order to show cause was signed.
The exercise of the statutory right of election is personal. The service, filing, and recording, by a surviving spouse, of the notice of election with the Surrogate’s Court is a condition prece *748 dent to its exercise[1] (see Matter of Coffin, 152 Misc 619 [Sur Ct, NY County 1934]), and must be accompanied by the guardianship court’s authorization where the application is made by a guardian on behalf of the incapacitated person. (See EPTL 5-1.1-A [c] [3] [B], [C], [E]; Matter of Wurcel, 196 Misc 2d 796 [Sur Ct, NY County 2003] [the right to file a notice of election under the EPTL is a personal right; must be exercised by the surviving spouse during the spouse’s lifetime; within the time prescribed by statute; and it does not survive the death of the person having such right].)
An incapacitated person, for whom a guardian has been appointed, retains all of the powers and rights not specifically given to the guardian. (Mental Hygiene Law § 81.29.) Accordingly, unless the order and judgment appointing the guardian includes the power to exercise the right to an elective share in the estate of the incapacitated person’s deceased spouse, a prior order of the guardianship court is necessary for the Surrogate’s Court to file and record the purported notice of election.
The guardian’s reliance upon Matter of Harris (35 Misc 2d 443 [Sup Ct, Fulton County 1962]) is misplaced. In Harris, the committee[2] served and filed in the Surrogate’s Court a notice of election with proof of service prior to the incompetent person’s death, but the motion seeking authorization from the guardianship court to file the notice of election was made after her death. The court denied the application by the executrix to vacate the order authorizing the committee to elect, stating that the committee’s failure to obtain the authorization from the guardianship court prior to the death “a procedural error and a mere irregularity” (at 445). The court found the committee substantially complied with the statute by filing the notice with the executrix and recording same in the Surrogate’s Court, thereby upholding the-validity of the order authorizing the notice of election. (Id.)
*749 Unlike Harris, the Surrogate’s Court in the case at bar refused to file and record the purported notice of election without an order from Supreme Court authorizing the guardian to exercise the right to an elective share in the estate of the incapacitated person’s deceased spouse.
In addition, the Harris decision predates article 81 of the Mental Hygiene Law. Then, a judicial declaration of incapacity involved a pervasive depravation and loss of individual rights of the person,[3] and the filing of the notice of election without first obtaining court authorization to exercise the right on behalf of a ward was characterized by the Harris court as “a procedural error and a mere irregularity.” The jurisprudence in this area has evolved. Today, unless the order and judgment assigns the power to the guardian, all rights and powers are retained by the incapacitated person. (See Mental Hygiene Law § 81.29 [a].) If the order and judgment appointing a guardian does not include this power, the guardian must then secure same in an order from the guardianship court prior to the death of the incapacitated person.
Since the statutory right of election of a surviving spouse to take against a decedent spouse’s estate is personal, a guardian, therefore, can only exercise those powers specifically granted in the order and judgment appointing her. The March 9, 2004 order and judgment appointing the guardian did not authorize her to exercise the incapacitated person’s right of election, and an order by this court was not secured before the incapacitated person’s death to exercise that election.
Accordingly, it is ordered that the order to show cause for authority to exercise a right of election pursuant to EPTL 5-1.1-A is denied; and it is further ordered that the attorney for the successor guardian of the person and property of Helen Oringer (now deceased) seeking an award of fees from the incapacitated person’s assets for services rendered shall submit: (1) an itemized affidavit of services containing (a) the dates services were performed; (b) the services performed; and (c) the time spent performing said services, on notice to all interested parties, and (2) form UCS 875 with the guardianship clerk at Supreme Court, 60 Centre Street, room 311, New York, New York; and it is further ordered that Joan Matofsky, the succes *750 sor guardian of the person and property of Helen Oringer (now deceased), is directed to file her final report no later than 60 days from the date of this order.

. In accordance with the statutory procedure for the exercise of the right of election, “[w]ritten notice of such election shall be served upon any personal representative in the manner herein provided . . . and the original thereof shall be filed and recorded, with proof of service, in the surrogate’s court in which such letters were issued” (EPTL 5-1.1-A [d] [1]).

. The terms conservators or committees used in former articles 77 and 78 of the Mental Hygiene Law have been discontinued. Notably, article 81 utilizes the term guardian and existing statutes that use the terms conservators or committees are to be “construed to include the term guardian notwithstanding the provisions of [such] article unless the context otherwise requires.” (See L 1992, ch 698, § 4.)

. See Mental Hygiene Law § 81.01; Kassoff, Elder Law and Guardianship in New York §§ 11:3-11:5, at 11-3 (2004).